## ROGERS v. UNITED STATES.

### No. 3225.

Circuit Court of Appeals, First Circuit.

June 24, 1938.

Joseph E. Fitzpatrick, of Providence, R. I. (Peter M. O'Reilly, of Providence, R. I., on the brief), for appellant.

George F. Troy, Asst. U. S. Atty., of Providence, R. I. (J. Howard McGrath, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Rhode Island in favor of the plaintiff in an action of assumpsit, in which it was alleged that the defendant, on or about the 8th day of January, 1933, imported into the United States certain foreign liquors manufactured or distilled from grain, certain cordials, and bottles or containers, and thereby became liable to and promised to pay the plaintiff, as duties on the same, the sum of $7,570.16, under paragraphs 802 and 217 of Section 1 of the Tariff Act of 1930, 19 U.S.C.A. § 1001, pars. 217, 802. The defendant pleaded the general issue. There was a trial by jury and a verdict for the plaintiff. Judgment having been entered thereon, the defendant appealed.

The first assignment of error relates to the admission of certain evidence obtained by government officials as the result of an unlawful search of the defendant's premises and the seizure of merchandise (liquors) there found. Application for the return of the seized property having been seasonably made, the District Court,

in that proceeding, held that the search warrant was illegally issued and ordered the property seized returned to the defendant, which was done. Thereafter the government brought this action against the defendant to recover the customs duties above stated, and in support of its case was allowed to introduce evidence, much of which had been thus illegally obtained. The defendant objected to its admission on this ground. The District Court ruled that the evidence was admissible; that this is a suit of a "civil nature * * *, and that such evidence is admissible in a civil suit," though not in a criminal one, and the defendant excepted.

The government's position in the District Court and here is "that the illegality of the manner by which the evidence is secured is not material in a civil case." The defendant, on the other hand, contends that evidence obtained by the government in violation of the Fourth Amendment, U.S.C.A. Const. Amend. 4, cannot be used at all, in a civil or criminal suit, and in support of his contention relies on Silverthorne Lumber Company v. United States, 251 U. S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A. L.R. 1426. The facts in the Silverthorne Case are in substance these:

While the two Silverthornes were under arrest on an indictment for a specific charge, officers of the United States, without right or authority, went to the office of the Silverthorne Lumber Company and seized all its books, papers and documents. An application was seasonably made in the District Court for the return of the books, etc., thus seized. The District Court ordered the return of the originals, but ordered impounded photographs and copies of material papers, which the government had made. The original papers having been returned, subpoenas were issued for their production and served on the Silverthorne Lumber Company and Frederick W. Silverthorne. The court made an order that the subpoenas should be complied with, although it had found that all the papers had been illegally seized; and the company and Frederick W. Silverthorne having refused to obey the order to comply with the subpoenas, the company was fined $250 for contempt of court and Silverthorne was ordered imprisoned until he purged himself of a similar contempt.

In the Supreme Court the order adjudging the company and Frederick W. Silverthorne in contempt was reversed on the ground that the government could not use knowledge that it had illegally gained by seizure of the original papers "to call upon the owners in a more regular form to produce them"; that, if it could, it would be to reduce "the Fourth Amendment, U.S.C.A. Const. Amend. 4, to a form of words;" that "the essence of a provision forbidding the acquisition of evidence in a certain way is that not merely the evidence so acquired shall not be used before the court, but that it shall not be used at all",—even as a means for drafting subpoenas describing the papers sought to be produced.

If a writ of subpoena is rendered invalid because of the use in framing it of evidence obtained by the government in violation of the Fourth Amendment, we think that a judgment in a civil cause, in the procurement of which evidence thus illegally obtained is used, is likewise rendered invalid.

The court erred in admitting the evidence illegally obtained.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion.