UNITED STATES v. ONE 1946 PLYMOUTH SEDAN AUTOMOBILE.

No. 9352.

Circuit Court of Appeals, Seventh Circuit. Feb. 18, 1948.

Rehearing Denied April 19, 1948.

4

Otto Kerner, Jr., U. S. Atty., John P. Lulinski and Maurice C. Handelman, Asst. U. S. Attys., and August H. Hoch and Joseph H. Collier, Attys., U. S. Treasury Dept., all of Chicago, Ill., for appellant.

Leo Klein, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On November 12, 1946, the Government filed a libel for the forfeiture of a Plymouth automobile that allegedly had been used in the removal and for the deposit and concealment of two five-gallon cans of distilled spirits, with the intent to defraud the United States of the tax imposed thereon, in violation of Section 3321(b) (1) (3) of the Internal Revenue Code.[1] On December 16, 1946, one Frank McGee appeared and filed an answer in which he claimed to be the owner of the car sought to be forfeited and alleged that the Government had illegally seized the car and illegally searched it for alcohol, and illegally seized the alcohol. On the same date he also filed a petition to suppress the evidence, alleging that the search of the car and the seizure of the alcohol therein were illegal, and prayed for an order sustaining the petition and directing that the use as evidence of the alcohol so illegally seized "be suppressed and not be used as evidence against your petitioner in the prosecution of this suit."

On February 28, 1947, the Government filed exceptions to the petition to suppress on the ground that it was irrelevant and inapplicable in a civil case and not well founded in law. On the same day the Government filed exceptions to the answer of McGee to the libel. The court overruled the exceptions to McGee's answer to the libel and the exceptions to the petition to suppress. The Government then filed an answer to the petition to suppress. On March 7, 1947, the case came on for hearing on the libel and McGee's answer thereto, and on the petition to suppress and the answer thereto. The two issues then before the court were the libel and McGee's answer thereto, and the petition by McGee to suppress and the Government's answer thereto. These two matters were tried together, and it was stipulated that the evidence in this case would be the evidence heard on McGee's petition to suppress in a certain criminal action that had been

1 26 U.S.C.A. Int.Rev.Code, § 3321(b) (1) (3).

brought against him for a violation of the Internal Revenue Code involving the alcohol.

Upon that evidence the court made its findings of fact and stated its conclusions of law as follows:

"1. That on August 1, 1946, the libelant seized certain property in violation of the rights of the claimant, Frank McGee, under and by virtue of the 4th and 5th Amendments of the Constitution of the United States.

"2. That on December 20, 1946, after a hearing before this Court, the use in evidence of the property so seized was ordered suppressed.

"3. That based upon the evidence so illegally seized on August 1, 1946, claimant's automobile, the res sought to be fortified by this libel, was seized by said libelant.

"4. That no evidence other than that suppressed has been offered or admitted in evidence to sustain said libel.

"The Court concludes as a matter of law:

"1. That claimant's petition to suppress the evidence is sustained and that libelant is barred from using in evidence in this proceeding the property heretofore held to have been illegally seized by it, and the use of which in evidence has been suppressed, and said evidence is not admissible.

"2. That the evidence obtained in connection with the unlawful search and seizure excluded, and no other evidence having been received or admitted, there is no proof on which to base a lawful seizure of claimant's automobile nor to predicate a forfeiture thereof, and the libel should be dismissed and said automobile returned to the claimant."

Upon the conclusions of law the court entered the following judgment:

"This cause coming on to be heard upon the libel, the answer thereto of the claimant, the petition of the claimant to suppress evidence, and the exceptions filed to said answer and said petition, and the Court having heard the evidence and the argument of counsel, and being fully advised in the premises, and having made its finding of fact and conclusions of law:

"It is Therefore Ordered, Adjudged and Decreed that said libel be and the same is hereby dismissed and that said property sought to be forfeited herein and described in said libel as 'One 1946 Plymouth Sedan Automobile, Motor No. P15–53111, Serial No. 11532427, Illinois License 997–089 (1946)' be returned forthwith by the United States Marshal to the claimant Frank McGee without the payment by him of any expenses for storage or other costs."

The Government contends that the District Court's Findings 1 and 3 are erroneous. We take that to mean that they are not supported by the evidence. If we understand these so-called Findings 1 and 3, they are to the effect that there was an illegal search of the car and an illegal seizure of the car and the alcohol. Upon these findings of the illegality of the search and seizure, the District Court concluded that the evidence obtained thereby was not admissible and ordered it suppressed, and since there was no other evidence but this inadmissible illegal evidence, there was no evidence to support the forfeiture. The court entered judgment accordingly, and from this judgment the Government has appealed.

We have therefore to consider whether the search of the car and the seizure of the alcohol were illegal. If the search and seizure were illegal, the case should be affirmed; if they were not illegal, then this case must be reversed and remanded for further proceedings.

■ There was no search warrant. May an automobile be searched without a warrant? In Carroll et al. v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, the Supreme Court held that the search and seizure there, which involved liquor being transported in an automobile in violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq., was valid. The Supreme Court in that case considered the National Prohibition Act (especially the Stanley Amendment)[2] which gave sanction to the search of an automobile and the seizure of the liquor transported therein, noting the nature of an automobile and the wide use of automobiles to evade the Prohibition Act. The Court concluded

---

[2] C. 134, 42 Stat. 222, 223 (1921).

that if the officers had probable cause to believe that the automobile was being used to transport liquor illegally, the officers might search the car without a warrant, and if liquor was being illegally transported, seize the liquor and the car and arrest the user of the car. That the Supreme Court did not rely altogether upon the authorization of the statute to seize is evidenced by the following words of the Court: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens." 267 U.S. at page 149, 45 S.Ct. at page 283.

It will be noted that the true rule as laid down by the Court was based not only upon authority, such as the statutory authorization, but upon reason.

In Husty et al. v. United States, 282 U.S. 694, at page 700, 51 S.Ct. 240, 241, 75 L.Ed. 629, 74 A.L.R. 1407, the Court said: "The Fourth Amendment does not prohibit the search, without warrant, of an automobile, for liquor illegally transported or possessed, if the search is upon probable cause; and arrest for the transportation or possession need not precede the search."

These cases were decided under the Prohibition Act and a search and seizure on probable cause had some sanction from that Act. The Supreme Court has recently pointed out this sanction as to the prohibition cases which stem from the Carroll case, and has mooted but has not decided the question of whether the search without a warrant of a car and the seizure of property transported therein in violation of Federal laws generally is valid. United States v. Di Re, 1948, 68 S.Ct. 222.

However, the case of Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151, did not involve the Prohibition Act but involved another section of the very code with which we are here concerned. The facts there were strikingly similar to our case, and as set forth in the opinion are as follows: "Federal officers received confidential information thought to be reliable that about midnight, December 30, 1935, a Dodge automobile with specified license plate would transport 'phony' whiskey from a specified dwelling in Cleveland, Ohio. About nine-thirty officers posted nearby saw the described automobile stop in front of the house and remain there for an hour. A man with three women and a package then entered the car and drove away. It returned shortly before midnight, stopped at the rear of the house and remained for half an hour. The headlights were extinguished; the officers heard what seemed to be heavy paper packages passing over wood. Doors slammed; petitioner drove the car away, apparently heavily loaded. The officers followed in another car. After going a few blocks petitioner stopped briefly at a filling station; then he drove towards his own residence two or three blocks further along. The officers followed. He turned into a garage a few feet back of his residence and within the curtilage. One of the pursuing officers left their car and followed. As petitioner was getting out of his car this officer approached, announced his official character, and stated he was informed that the car was hauling bootleg liquor. Petitioner replied, 'just a little for a party.' Asked whether the liquor was tax paid, he replied that it was Canadian whiskey; also, he said it was in the trunk at the rear of the car. The officer opened the trunk and found eighty-eight bottles of distilled spirits in unstamped containers. He arrested the petitioner and seized both car and liquor. The officer had no search warrant." 305 U.S. at pages 253, 254, 59 S.Ct. at page 175.

In that case there was a motion to suppress, but it was denied instead of sustained as in the instant case. The Supreme Court said: "Considering the doctrine of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (see Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407), and the application of this to the facts there dis-

closed, it seems plain enough that just before he entered the garage the following officers properly could have stopped petitioner's car, made search and put him under arrest." 305 U.S. at pages 254, 255, 59 S.Ct. at page 176.

After thus citing the Carroll and Husty cases as authority for the search of the car and the seizure in that case, the Court said: "Examination of the automobile accompanied an arrest, without objection and upon admission of probable guilt." 305 U. S. at page 255, 59 S.Ct. at page 176.

There was an accompanying arrest in our case, although a dispute as to an admission of guilt. The search in the Scher case, as here, was before the arrest. Whether before or after the arrest is of no consequence if the search was on probable cause. Husty et al. v. United States, supra; Malone v. United States, 9 Cir., 67 F.2d 339, 341.

We hold on the authority of Carroll v. United States, supra; Husty v. United States, supra; and Scher v. United States, supra, that an automobile being used to remove liquor and deposit and conceal it with intent to defraud the revenues may be searched without a search warrant, if the officer has probable cause, as defined in the Carroll and Husty cases, to believe that the auto is then being used to consummate a violation of the revenue law.

We consider an auto to be on a different footing than a residence or property of fixed situs because of the ease with which an auto may elude the officers before they can obtain a warrant by presenting their evidence of probable cause to a magistrate.[3]

Since there was no search warrant in the instant case, the question is presented whether there was probable cause as defined in the Carroll and Husty cases.

The facts are as follows. An investigator of the Alcohol Tax Unit testified that on August 1, 1946, he was in the vicinity of Garfield Park and 3902 West Jackson Boulevard, Chicago; that he had received information from a source that he had theretofore found reliable that Frank McGee would make a delivery of tax unpaid alcohol in the vicinity of Blue Island and Liberty Street in Chicago; that McGee stored illicit alcohol in a garage at the rear of 3902 West Jackson Boulevard; that Government agents had been watching this garage from a lookout post and had seen McGee load into the rear of the car packages of the shape and size of five-gallon cans, such as were used by bootleggers in the transportation of illegal alcohol; that the investigator drove to this vicinity in the late afternoon and received word over the radio in the car he was driving that McGee's car had been in the alleyway alongside this garage and that two packages had been placed in his car; and that the car was being driven west towards Pulaski Road. The investigator further testified that he immediately drove to Pulaski Road in the Government car and saw McGee driving south. He saw McGee park his car immediately south of Jackson Boulevard, get out for approximately five minutes, and then return to the car and drive away. He and the investigator accompanying him followed McGee until he stopped at a signal light at the intersection of Ogden Avenue and Roosevelt Road. McGee was then going in the direction of the Maxwell Street area, which was Liberty Street. The car McGee was driving was a black Plymouth sedan bearing a certain Illinois license number, which number the investigator had been informed would be on the car. The investigators drove up behind McGee's car when it stopped, and both ran towards it at about the same time; one of the investigators looked in the car and on the rear floor saw two cartons of the shape and size of the five-gallon can of alcohol used by bootleggers in the transportation of illicit alcohol. While one of the investigators was talking to McGee, the other opened the car door, tore open the cartons, found they contained five-gallon cans, opened the cans, dipped his finger in, tasted and smelled the contents, and found it was alcohol. He examined the cans and found

---

[3] See *Johnson v. United States*, 1948, 68 S.Ct. 367, 369. There the Court recognized this distinction, saying: "No suspect was fleeing or likely to take flight. The search was of permanent premises, not of a movable vehicle. No evidence or contraband was threatened with removal or destruction  *  *  *."

no tax stamps evidencing the payment of the tax. Thereupon, the investigators arrested McGee and seized the car.

These facts clearly indicate probable cause within the rule laid down in the foregoing cases. The search of the car and the seizure having been made upon probable cause, no search warrant was necessary, and the search was not unreasonable, in violation of the Fourth Amendment. Therefore, the evidence in the form of the two five-gallon cans of alcohol was properly admissible, as were the facts and circumstances surrounding the seizure, and it was error for the court to find on that evidence that the search and seizure were illegal, and to suppress the evidence there discovered.

The District Court stated in its findings that the auto was seized in violation of the rights of said McGee under the Fifth Amendment. There is not the slightest evidence of such violation in this case.

The judgment is reversed and the cause remanded with directions to the District Court to proceed in accordance with this opinion.

On Petition for Rehearing.

It is urged here that the proceedings to suppress the evidence in the criminal case are res adjudicata in the proceeding to suppress the same evidence in the forfeiture case brought for the same violation. Chiefly relied upon are Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, and Fowler v. Hunter, Warden, 10 Cir., 164 F.2d 668.

These cases are not applicable. Res adjudicata was not pleaded in the instant case. It was meticulously pleaded in the Coffey case. Moreover, the criminal action in the Coffey case went all the way to trial and a judgment of acquittal. There was a final judgment in the criminal action which was successfully pleaded and sustained as a bar to the entire forfeiture proceeding. In the instant case a criminal indictment was returned, and a motion to suppress evidence followed and was sustained. Thereupon, the Government dismissed the criminal indictment before it was called for trial because of a lack of evidence after the motion to suppress had been sustained. There was no adjudication of the whole case as in the Coffey case.

In the instant case the claimant McGee, without any foundation even in the pleadings, seeks to present here as res adjudicata an integral part of the criminal proceeding—a mere step in the progress of the case involving the admissibility of the evidence in the criminal proceeding brought after the indictment and disposed of before the case came on for trial. It was not an independent proceeding brought before indictment as in Steele v. United States, No. 1, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757, or for equitable relief as in Dowling v. Collins, 6 Cir., 10 F.2d 62.

A proceeding to suppress is not the basis of judgment when brought after indictment as part of the criminal proceeding. It is only a procedural step involving the admissibility of evidence in the criminal proceeding. It decides only that motion.[1] It is interlocutory and not appealable. Cogen v. United States, 278 U.S. 221, 226, 227, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 156 A.L.R. 1200. In the Cogen case the Supreme Court said at page 227 of 278 U.S., at page 120 of 49 S.Ct.: "Thus, where the motion to quash the search warrant and for return of the property is made by a party to the cause, is filed in the cause and seeks suppression of the evidence at the trial, it is apparent that the motion to quash the search warrant is an incident merely; that the real purpose of the application is to suppress evidence; and that it is but a step in the criminal case preliminary to the trial thereof. Circumstances may make this clear, even if the motion does not specifically pray for suppression of the evidence. In all such cases the order made on the motion is interlocutory merely."

Appearing as a splinter from the criminal proceeding, the order on the motion to suppress is not a final judgment from which an appeal can be taken. If not

---

[1] Hatzenbuhler v. Talbot, 7 Cir., 132 F.2d 192, 193.

a final judgment, it cannot, standing alone as in this case, support a claim of res adjudicata.

Fowler v. Hunter, Warden, supra, is distinguishable because there the proceeding to suppress was part of a proceeding to final judgment, and the whole of that judgment and all of its parts were determined in the first trial. Certainly in that case, which was a proceeding for habeas corpus, a collateral attack, the petitioner would not be able to re-try in the habeas corpus proceeding a part of the proceeding which was interlocutory in the criminal action. To do so would be to use habeas corpus as a writ of error, which the courts have said repeatedly cannot be done. For that reason the court there stated that it was immaterial whether there was an error of law committed in the ruling on the motion to suppress in the criminal case, as it could not render the proceeding void.

No question of res adjudicata is or could be presented in our case, and the petition for rehearing is denied.