## TOVAR v. JARECKI, Collector of Internal Revenue.

No. 48 C 69.

United States District Court
N. D. Illinois, E. D.

June 1, 1948.

Ward Harris, of Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Dist. Atty., of Chicago, Ill., for defendant.

BARNES, Chief Judge.

This cause is before the court for decision after hearing on the matters presented by the Second Amended Complaint.

The suit seeks to restrain the collection from plaintiff of a special marihuana tax assessed at the rate of $100 per ounce under Section 2590(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 2590(a) (2). Plaintiff claims that the tax is illegal be-

cause the evidence upon which the tax is based was suppressed in a criminal case in this court, United States v. Tovar, No. 47CR359, on December 12, 1947, wherein the court made the following order:

"It is hereby ordered that all of the evidence pertinent to the issues in the above entitled case which were acquired by the search and seizure made on the home of the defendant on April 18, 1947, be and the same is hereby suppressed and withdrawn from the consideration of the jury."

It is alleged in the Second Amended Complaint and has been established by the proof that plaintiff and his wife are the owners of the premises at 9026 Burley Ave., Chicago, where they have resided since April 1, 1945, when they purchased the property for $4000 and upon which there is now a balance due of $2000; that they have no other property of any kind; that plaintiff has been employed continuously since 1935 with the Carnegie-Illinois Steel Company as a laborer and at present earns take-home pay of $55 per week; that on July 25, 1947, there was assessed against plaintiff by the Collector of Internal Revenue a special marihuana tax in the amount of $7613.65, and a distress warrant was issued against the property of the plaintiff, which the officers of the Department of Internal Revenue have not served but which they threaten to serve upon plaintiff; that on February 19, 1948, a notice of tax lien, covering the tax alleged to be due, was filed in the Recorder's Office of Cook County, Illinois, and thereby became a lien upon the home of the plaintiff; and that the marihuana upon which the Government is now seeking to collect the tax is the same marihuana that was suppressed by the above mentioned order of December 12, 1947.

■ On the motion of the Government to dismiss, the court held that the assessment in question was a "penalty" and not a "tax," and that, accordingly, Section 3653 of the Internal Revenue Code, 26 U.S.C.A. § 3653, prohibiting the maintenance in any court of any suit to restrain the assessment or collection of any tax, does not apply.

■ The court understands the applicable rule of law to be that before a suit may be maintained to enjoin the Collector, the plaintiff must show (1) Illegality of an exaction in the guise of a tax, and (2) the existence of special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S.Ct. 260, 76 L. Ed. 422.

■ If, as plaintiff contends, the assessment here had been based solely upon evidence, obtained by the Government by the unlawful search and seizure, and which evidence was before the court in the case of United States v. Tovar, No. 47CR359, the court is of the opinion that it would be required to hold the tax illegal and grant the relief prayed, Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S. Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426; Schenck v. Ward, D. C., 24 F.Supp. 776; Rogers v. United States, 1 Cir., 97 F.2d 691.

The court cannot say upon what evidence the officer who made the assessment acted. Whether he acted upon evidence independently of the marihuana which the court ordered suppressed as evidence, the court does not know. The court suspects that he acted upon the evidence which he had no right to consider, but the court does not know that he did. The knowledge gained by the Government's own wrong should not be used by it to make the assessment, but knowledge obtained from an independent source the Government had, of course, the right to use.

■ The plaintiff has failed to prove that the officer who made the assessment acted upon evidence which this court ordered suppressed. Accordingly, the plaintiff cannot prevail.

### Findings of Fact.

I. This suit is brought to enjoin the collection of $7,200, assessed against the plaintiff under Section 2590(a) (2) of the Internal Revenue Code, as transferee taxes upon marihuana.

II. In the criminal proceeding against the plaintiff in this Court entitled United States v. Sotero Tovar, No. 47CR359, this Court made the following order:

"It is hereby ordered that all of the evidence pertinent to the issues in the above-entitled case which were acquired by the search and seizure made on the home of the defendant on April 18, 1947, be and the same is hereby suppressed and withdrawn from the consideration of the jury."

III. Subsequently, on or about May 15, 1947, there was assessed against the plaintiff as transferee taxes upon marihuana under Section 2590(a) (2) of the Internal Revenue Code, the sum of $7,200. On July 25, 1947, a distraint warrant was issued by the defendant against the plaintiff for the sum of $7,613.65 the amount of the tax assessed, plus interest to that date.

IV. On February 19, 1948, a notice of lien for the taxes assessed as aforesaid was filed in the Recorder's Office of Cook County, Illinois.

V. The plaintiff and his wife are the owners of premises situated at 9026 Burley Avenue, Chicago, Illinois, where they have resided since April 1, 1945, at which time they purchased the property for $4,000; there is an unpaid balance on the purchase price of said property in the sum of $2,000; the plaintiff and his wife have no other property; the plaintiff has been employed continuously since 1935 with the Carnegie-Illinois Steel Company as a laborer and at present earns take-home pay of $55 a week.

VI. Whether the Commissioner of Internal Revenue used, in making the assessment complained of, the evidence suppressed by order of this court rendered on December 12, 1947, does not appear from the evidence in this case.

VII. That the plaintiff came into the possession of said marihuana by picking the same from plants growing in a vacant lot at 96th Street and Burley Avenue, Chicago, Illinois.

## Conclusions of Law.

I. That this court has jurisdiction of the subject matter of this suit.

II. The plaintiff failed to establish by his allegations or proof that the taxes complained of were illegally and unlawfully assessed.

III. There are exceptional and extraordinary circumstances existing which would have entitled plaintiff to an injunction against the collection of the taxes in question if it had appeared that the suppressed evidence was used by the assessing officer in assessing the taxes in question.

IV. That the defendant is entitled to judgment dismissing the complaint and the plaintiff's motion for a preliminary injunction is hereby denied.

## Judgment Order.

Now, therefore, It Is Hereby Ordered, Adjudged, And Decreed that the plaintiff's motion for a preliminary injunction be and it is hereby denied, and the second amended complaint of the plaintiff be and it is hereby dismissed at plaintiff's costs.