### UNITED STATES v. PHYSIC.
#### No. 228, Docket 21186.

United States Court of Appeals
Second Circuit.

June 20, 1949.

Adrian W. Maher, New Haven, Conn., for United States.

William H. Lewis, Jr., Boston, Mass. (Raymond H. Atamian, Boston, Mass., of counsel), for Charles E. Physic.

Before L. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Physic's acquittal in the criminal action is not an adjudication on which he can rely here; Helvering v. Mitchell, 303 U.S. 391, 397, 58 S.Ct. 630, 82 L.Ed. 917. Nor is the ruling on the motion to suppress made in that criminal action an adjudication adverse to him on which the government can rely here; for that ruling, being interlocutory, was not appealable until final judgment, and, after Physic's acquittal, he could not appeal.

2. It has been assumed that, under Carroll v. United States, 267 U.S. 132, 160, 161, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, and Husty v. United States, 282 U. S. 694, 700, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407 it was settled that such a search of an automobile, without a warrant, as occurred here, was valid even if justified solely by hearsay evidence.[1] Remarks made in United States v. Di Re, 332 U.S. 581, 584–586, 68 S.Ct. 222, 223, 92 L. Ed. 210, without deciding the question, throw some doubt on the view that "an automobile is more vulnerable to search without warrant than is other property" when, as here, no statute (such as the National Prohibition Act, 27 U.S.C.A. § 1 et seq., expressly authorizes such a search.[2] The Court, however, left the question open. Accordingly, we shall, although hesitantly, proceed on the assumption that the search here would have been valid if based on sufficient hearsay. But, especially in the light of the Di Re remarks, we think that the government must prove at least what the hearsay was, and that it must be such as would have led a reasonable man to believe that the car carried the contraband.[3] Since here there was no such proof, the motion to suppress should have been granted. Accordingly, the judgment cannot stand since, except for the fruit of the search, the record is lacking in any evidence to support the forfeiture.

Reversed and remanded.

---

[1] See also Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151.

[2] See also Trupiano v. United States, 334 U.S. 699, 704–705, 68 S.Ct. 1229, 92 L.Ed. 1663.

[3] It will suffice to prove that the officer's superior, who directed the officer to make the search, has such hearsay information.