The UNITED STATES, Plaintiff-Appellee,

v.

Herman DAVID, Defendant-Appellant.

No. 11969.

United States Court of Appeals
Seventh Circuit.

June 20, 1957.

Rehearing Denied July 23, 1957.

Writ of Certiorari Denied Oct. 28, 1957.

See 78 S.Ct. 96.

Myer H. Gladstone, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Edwin A. Strugala, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Much of what we said in our recent opinion reported as United States v. Walker, 246 F.2d 519 governs the disposition of this appeal. For again we have the claim made on behalf of a convicted [1] defendant that there was no probable cause sufficient to authorize a search of his automobile by Federal officers acting without a warrant.

A hearing was had on the motion to suppress. The defendant, having waived trial by jury, subsequently stipulated through his counsel with the government that the evidence presented at the suppression hearing should "be submitted to the court as evidence on the question of the guilt or innocence of the defendant."

This is an instance where government investigators, acting on information from a reliable source to the effect David was delivering alcohol to a speakeasy put him under surveillance and observed him take two shopping bags out of the rear of his sedan, enter the suspect locale, then shortly emerge carrying two empty shopping bags. Roughly two weeks after that episode, investigators aware of those facts, and more, halted Davis while he was driving his car. These investigators looked through the car window and saw two shopping bags and the necks of what appeared to be 1-gallon glass jugs containing colorless fluid. Roseboro, a government investigator, opened and searched David's car, unscrewed a jug top, dipped his finger into the fluid, tasted and smelled distilled spirits. Internal Revenue Stamps were conspicuous by their absence. Hambach, another investigator who was present at the seizure, knew that David had several times been arrested and once convicted for the unlawful possession of alcohol. The address where David made his first appearance, already noted above, was known by Hambach to have been a second floor speakeasy, which had been raided several times. The strong showing of probable cause dissipates any doubt about the correctness of denying the defense motion to suppress the evidence, United States v. One 1946 Plymouth Sedan Automobile, 7 Cir., 1948, 167 F.2d 3, see also United States v. Walker, supra.

Counsel agreed below that if the government's chemist testified, his evidence would establish that the composite sample contained in a one pint bottle was alcohol. Scanlon v. United States, 1 Cir.,

1. Under a two-count indictment for violation of 26 U.S.C. § 2803(a) and 26 U.S.C. § 3321(a).

1955, 223 F.2d 382 is unconvincing on defendant's theory that failure to produce the jugs and shopping bags in possession of the government gives rise to a presumption that the evidence would have been unfavorable to the prosecution's case. The government witnesses testified to the destruction of that evidence as was their custom. Counsel for David does not contest the presence of alcohol, for he so stipulated, the only contention hinges on the size of the bags and jugs. Such flimsy argument fails to destroy the government's case here. McDonald v. United States, 8 Cir., 1937, 89 F.2d 128.

Judgment affirmed.

MAJOR, Circuit Judge (dissenting).

In my view, the federal officers did not have probable cause to search defendant's automobile without a warrant. Consequently, the motion to suppress the evidence obtained by such search should have been allowed. I would reverse the judgment.