**UNITED STATES of America,**
Libelant

v.

**ONE 1956 FORD 2-DOOR SEDAN, MOTOR NO. M6UV–100216 and One Lot of Miscellaneous Tools, and Tool Box, Respondent.**

**No. 1028.**

United States District Court
E. D. Kentucky,
London.

July 18, 1960.

Jean L. Auxier, U. S. Atty., Lexington, Ky., for plaintiff.

Charles R. Luker, Jr., London, Ky., for Wiley Longworth, Jr.

HIRAM CHURCH FORD, Chief Judge.

This is a libel proceeding, a civil action, *in rem*, authorized by 26 U.S.C.A. (I.R.C.1954) § 7323(a) to enforce forfeiture of an automobile and a box containing miscellaneous tools seized by and in custody of the officers of the United States for violation of the provisions of sections 7301 and 7302 of the Internal Revenue Code of 1954 (26 U.S.C.A. §§ 7301, 7302).

Claiming to be the owner of the seized property, Wiley Longworth, Jr., alleges that the seizure of his property was without warrant, not incident to an arrest and without probable cause. The United States makes no issue as to these allegations.

The only question presented for determination is raised by the claimant's motion to suppress the evidence in respect to certain distilled spirits found in the seized automobile at the time of its seizure.

Claimant bases his motion upon the familiar rule applicable in criminal cases which, upon constitutional grounds, precludes the use of evidence obtained by a search and seizure without warrant, not incident to arrest and without probable cause.

In Harman v. United States, 4 Cir., 1952, 199 F.2d 34, 36, Chief Justice Parker pointed out that in Dodge v. United States, 272 U.S. 530, 532, 47 S. Ct. 191, 71 L.Ed. 392, Mr. Justice Holmes clearly states that the rule which excludes evidence in criminal cases acquired by an unlawful search and seizure has no application in a civil proceeding of this character.

Morever, in United States v. One Ford Coupe, 272 U.S. 321, 325, 47 S.Ct. 154, 155, 71 L.Ed. 279, Mr. Justice Brandeis said: "It is settled that, where property declared by a federal statute to be for-

feited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized." The same rule is set out in 23 Am.Jur., p. 610, § 13.

For the reasons indicated, the motion to suppress the evidence must be denied, leaving for trial the issue of fact as to whether the property seized was used in violation of the provisions of the Internal Revenue Code as charged in the libel.