**UNITED STATES of America**

v.

**ONE 1960 LINCOLN TWO-DOOR HARD-TOP, Motor No. 49K 14J, Together with Its Tools, Accessories, Appurtenances, Special Equipment, and Appliances.**

Misc. Civ. No. 60-24.

United States District Court
D. Massachusetts.

March 29, 1961.

**206**

Arlyne F. Hassett, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Nixon, Gray & King, Boston, Mass., John H. Fitzgerald, Chelsea, Mass., F. J. DiMento, Boston, Mass., for defendant Merchants Nat. Bank of Boston by Gale Kleiner, Asst. Manager.

FRANCIS J. W. FORD, District Judge.

This is a libel filed by the United States to perfect the forfeiture under 26 U.S.C.A. § 7302 of a 1960 Lincoln automobile seized in East Boston on October 30, 1959, near the Havre Street entrance to Chick's Bargain Shoe Store. The automobile was purchased on October 29, 1959, in the name of claimant Gerald C. LeBranti, who admittedly took title for his uncle Louis Festa, the true owner. Claimant Merchants National Bank of Boston claims title by virtue of a conditional sales contract executed by Le-Branti. At the time of the seizure of the car, the speedometer had only 35 miles registered upon it.

Between October 6 and October 27, 1959, agents of the Intelligence Division of the Internal Revenue Service had observed drivers of vehicles stopping in the vicinity of the store and passing envelopes of the size and shape commonly used by persons in the business of accepting wagers to persons standing on the sidewalk who then took them into the store. They observed other drivers park their vehicles in the vicinity and themselves go into the store. On one occasion an agent looking through the window saw several men inside the store opening envelopes and examining slips contained therein.

On October 30, 1959, the agents conducted a raid on Chick's Bargain Shoe Store. No merchandise was found for sale there. Four men who were present, one of them Festa, were arrested. At the time of his arrest Festa was searched. On his person were found $687.20 in cash and checks, eleven envelopes each with a code letter and number containing 183 betting slips dated October 30 and 31 and representing 1,065 plays, a so-called "cuff list" containing a list of names or symbols with amounts of money opposite each totalling $3,213.36, and adding machine tapes of plays dated October 15, 28 and 29. These slips and lists represented a total amount of $10,058.24 in wagers. After Festa's arrest the car, which was double-parked about twenty-five yards from the rear door of the store, was seized on behalf of the United States. Agent Sawtelle testified that sometime thereafter Festa told him he had driven to the store in the car, bringing with him the slips and lists found on his person.

Agent Sawtelle, on the basis of his several years of experience in the investigation of violations of the wagering tax laws, testified that these gambling paraphernalia indicated that Festa was a principal responsible for the operation of a segment of a wagering enterprise rather than a mere agent or runner of such a principal. This was indicated by the large number of wagers represented, the presence of code symbols on the envelopes and cuff list indicating agents from whom returns were received, and Festa's possession of a substantial amount of cash and of the adding machine slips

recording wagering activities of previous dates.

It was stipulated that Festa had not registered for or paid the special occupational tax as required of one engaged in the business of accepting wagers. 26 U.S.C.A. §§ 4411 and 4412.

■ Claimants argue that the proceeding should be dismissed because the car in question was unlawfully seized, relying on United States v. Plymouth Coupe, 3 Cir., 182 F.2d 180. While that case represents the rule consistently followed in the Third Circuit, the contrary view appears to have been taken in every other circuit where the problem has arisen. United States v. Carey, 5 Cir., 272 F.2d 492; United States v. One 1956 Ford Tudor Sedan, 4 Cir., 253 F.2d 725; United States v. Pacific Finance Corporation, 2 Cir., 110 F.2d 732; United States v. Eight Boxes Containing Various Articles of Miscellaneous Merchandise, 2 Cir., 105 F.2d 896; Strong v. United States, 1 Cir., 46 F.2d 257, 79 A.L.R. 150; Bourke v. United States, 6 Cir., 44 F.2d 371. Hence even if the automobile in this case was seized illegally, that fact in itself would not bar forfeiture in the present proceeding.

■ However, in establishing that the property seized was being used in violation of the internal revenue laws, the United States cannot use evidence obtained by its agents by means of a search or seizure in violation of the Fourth Amendment. Such evidence is inadmissible not only in criminal prosecutions, but in forfeiture proceedings and has been held inadmissible when offered by the United States in civil actions generally. United States v. Physic, 2 Cir., 175 F.2d 338; United States v. One 1946 Plymouth Sedan Automobile, 7 Cir., 167 F.2d 3; United States v. Butler, 10 Cir., 156 F.2d 897; Walker v. United States, 5 Cir., 125 F.2d 395; Rogers v. United States, 1 Cir., 97 F.2d 691; United States v. One 1953 Oldsmobile Sedan, D.C., 132 F.Supp. 14; Schenck ex rel. Chow Fook Hong v. Ward, D.C., 24 F.Supp.

776. Contra: United States v. One 1956 Ford 2-Door Sedan, D.C., 185 F.Supp. 76.

■ Claimants at trial objected to the introduction of certain evidence on the ground that it had been ordered suppressed by another judge of this court on a motion brought in a criminal proceeding against Festa, United States v. Festa, D.C., 192 F.Supp. 160, arising out of this same transaction. The objection based on that ground was rightly overruled. The ruling in the criminal case was an interlocutory decision in a matter which is still pending and hence cannot be determinative of this issue in this proceeding by way of res judicata or collateral estoppel, United States v. One 1946 Plymouth Sedan Automobile, 7 Cir., 167 F.2d 3, 8. The issue must be decided on the evidence presented in this case as to the circumstances of Festa's arrest. Evidence specifically directed to this point was not introduced at the trial. However, it is clear that, in view of the suppression in the criminal proceeding of some of the evidence offered here, the contention that it was illegally obtained is one that should receive serious consideration here on the basis of a proper record. This is particularly true since it appears that if the evidence of the articles found on Festa's person at the time of his arrest and of statements made by him after arrest is excluded, there is little if any evidence to warrant a finding that the automobile in question was being used in violation of the internal revenue laws. The case will be set down for further hearing, at which time claimants will be afforded opportunity to present evidence to show that evidence already admitted in this case should be stricken because illegally obtained.

Of course, if government will concede and stipulate that the evidence sought to show that the Lincoln car was being used in violation of the internal revenue laws was obtained by the agents in violation of the Fourth Amendment, judgment will be entered for the claimant.