UNITED STATES of America, Libelant,

v.

ONE 1963 CADILLAC HARDTOP, Motor No. 63 G 007901.

No. 63–C–92.

United States District Court
E. D. Wisconsin.

Aug. 29, 1963.

James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for the United States, libelant.

Dominic H. Frinzi and James M. Shellow, Milwaukee, Wis., for claimants Mrs. Eleanor Champan and Miss Barbara Barrett.

GRUBB, District Judge.

Libelant, the United States of America, initiated a libel proceeding against a certain 1963 Cadillac seeking its forfeiture pursuant to the provisions of Title 49, Section 782 of the United States Code of

Laws. Claimant has moved this court to suppress certain evidence alleged to have been illegally seized. Libelant has objected to this motion, claiming that such motion is improper in a civil proceeding.

The issue presently before the court is whether a motion to suppress evidence is proper in a civil libel proceeding. There is a definite conflict in the decisions of the various Circuit Courts of Appeal. Most notably, the Fourth and Fifth Circuits have held that such a motion may not be raised in a libel or forfeiture proceeding. United States v. One 1956 Ford Tudor Sedan, 4 Cir., 253 F.2d 725 (1958); Sanders v. United States, 5 Cir., 201 F.2d 158 (1953). Other United States Circuit Courts of Appeal, where they have considered the question, have decided that a motion to suppress evidence unlawfully obtained may be made in a libel or forfeiture proceeding. United States v. Physic, 175 F.2d 338 (2d Cir., 1949); United States v. Butler, 156 F.2d 897 (10th Cir., 1946); Rogers v. United States, 97 F.2d 691 (1st Cir., 1938).

The Court of Appeals for the Seventh Circuit has, by way of dicta, clearly indicated its thought on the question. This was expressed in United States v. One 1946 Plymouth Sedan Automobile, 7 Cir., 167 F.2d 3 (1948). There the district court had ordered certain evidence suppressed because its seizure violated the fourth and fifth amendments. On appeal, the court concerned itself with whether or not the seizure had in fact been illegal. In the course of examining the seizure, the court said at page 5 of 167 F.2d:

> " * * * If the search and seizure were illegal, the case should be affirmed; if they were not illegal, then this case must be reversed and remanded for further proceedings."

In the context of that case, the above language is technically dicta. But the language leaves little doubt as to how the court would approach this question. Certainly it is incumbent on this court to carefully consider such a case. In the case of United States v. $4,171.00 in United States Currency, 200 F.Supp. 28 (N.D.Ill.1961), Judge Campbell obviously felt compelled to give due weight to the said dicta in the Plymouth case.

In addition, it is obvious that a libel proceeding, whereby the forfeiture of property is the relief sought, is not the typical type of civil proceeding; rather, it is in the nature of a criminal sanction. Being such, motions which are germane to criminal actions should in justice be germane to such a proceeding.

Because of the foregoing reasons, this court is of the opinion that a motion to suppress illegally-obtained evidence is appropriate. The libelant's objection to the bringing of the motion must be and it is hereby denied.