520 P.2d 332

**Allen D. RINDERKNECHT, Appellant,**

**v.**

**MARICOPA COUNTY EMPLOYEES MERIT SYSTEM; James W. Gould, Chairman; John Mummert, Sheriff of Maricopa County, State of Arizona, Appellees.**

**No. I CA–CIV 2092.**

Court of Appeals of Arizona, Division 1.

March 26, 1974.

Rehearing Denied April 25, 1974.

Review Granted May 28, 1974.

--------◆--------

Debus, Busby & Green, Ltd., by Larry L. Debus, Phoenix, for appellant.

Moise Berger, Maricopa County Atty., Kenney & Rosen, by Donald J. Kenney, Special Counsel, Sheriff, Phoenix, for appellees.

### OPINION

HOWARD, Judge.

This case was first heard by the Maricopa County Merit System Commission on March 28, 1971 to review appellant's termination of employment as a deputy sheriff. After a ruling adversed to him, appellant, pursuant to A.R.S. § 11–356(D) which provides for judicial review in accordance with A.R.S. § 12–901 et seq., filed a complaint in the Superior Court of Maricopa County on April 30, 1971. In his complaint, appellant demanded a trial de novo under A.R.S. § 12–910. The trial de novo was granted. Appellant then filed a motion in limine to suppress all testimony and evidence obtained as a result of an alleged illegal search of the apartment in which he was staying the day before his dismissal from the sheriff's department. This motion was denied by the trial court on the ground that the exclusionary rule did not apply to this type of trial. At the conclusion of the trial, the administrative ruling as to appellant's dismissal was affirmed.

There are two issues presented on appeal: (1) Whether it was reversible error to declare that the exclusionary rule, relating to illegally obtained evidence, would not be applicable in this case. (2) Whether the lower court judgment is unsupported by the evidence and contrary to the law.

### APPLICABILITY OF THE EXCLUSIONARY RULE

We do not address ourselves to the question of what rules of evidence apply in an administrative hearing of the Maricopa County Merit System Commission but only to the applicability of the exclusionary rule to a trial de novo in the superior court pursuant to A.R.S. § 12–910(B). The Arizona Supreme Court in Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215 (1942), an appeal from a decision of the superintendent of liquor licenses and control, described the scope of a trial de novo:

> "*We hold, therefore, that on appeals from an inferior court or administrative board to the superior court,* unless the statute expressly provides otherwise, the *case will be heard by the superior court in the same manner as though it were an original proceeding in that court,* and while, as a matter of practice, due consideration should be given to the opinion of the lower tribunal as to the weight and credibility of the evidence, yet the superior court has jurisdiction to disregard that opinion and form its own independent conclusions upon the evidence." 59 Ariz. at 42, 122 P.2d at 218 (Emphasis added)

Accord, State v. Jones, 94 Ariz. 334, 385 P.2d 213 (1963); Horne v. Superior Court, 89 Ariz. 289, 361 P.2d 547 (1961); Davis v. Brittain, 89 Ariz. 89, 358 P.2d 322

(1960); Montierth v. State Land Department, 84 Ariz. 100, 324 P.2d 228 (1958); Welker v. Stevens, 82 Ariz. 233, 311 P.2d 832 (1957); Vazzano v. Superior Court In and For Maricopa County, 74 Ariz. 369, 249 P.2d 837 (1952); Cox v. Superior Court In and For Pima County, 73 Ariz. 93, 237 P.2d 820 (1951); Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236 (1945).

The Fourth Amendment of the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

 It is clearly established that in a criminal trial evidences seized in violation of a defendant's rights under the Fourth Amendment (or under the Fourteenth Amendment, where the states are involved) will be excluded, whether that trial be in a state or federal court and whether the evidence was seized by federal or state officials. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081 (1961); Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L. Ed.2d 1669 (1960); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). This exclusionary rule bars not only the evidence itself but all leads obtained therefrom, Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Evidence is also excluded if illegally obtained by state officials and made available to federal officials, Elkins v. United States, supra.

The exclusionary rule has been applied in civil proceedings having criminal overtones or involving foreefeitures. In the case of One 1958 Plymouth Sedan v. Penn-sylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), the United States Supreme Court in applying the rule to a forfeiture, which is a civil proceeding, supported its ratio decidendi with this statement from Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886):

"' . . . If the government prosecutor elects to waive an indictment, and to file a civil information against the claimants,—that is, civil in form,—can he by this device take from the proceeding its criminal aspect and deprive the claimants of their immunities as citizens, and extort from them a production of their private papers, or, as an alternative, a confession of guilt? This cannot be. The information, though technically a civil proceeding, is in substance and effect a criminal one. * * * As, therefore, suits for penalties and forfeitures incurred by the commission of offenses against the law, are of this quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the fourth amendment of the constitution * * *'" 85 S.Ct. at 1249.

 Thus we see that where evidence is obtained by the state as the result of an illegal search and seizure and the state has an option of a civil remedy or criminal prosecution, the court will apply the exclusionary rule if the state chooses civil proceedings.

In Weeks v. United States, supra, the Court commented on the scope of the protection of the Fourth Amendment:

"This protection reaches all alike, whether accused of crime or not, and the duty of giving to it force and effect is obligatory upon all intrusted under our Federal system with the enforcement of the laws." 34 S.Ct. at 344.

There have been numerous applications of the exclusionary rule to civil cases by our federal courts. Knoll Associates, Inc.

v. F.T.C., 397 F.2d 530 (7th Cir. 1968), (stolen documents could not be used by the government in an FTC proceeding); Berkowitz v. United States, 340 F.2d 168 (1st Cir. 1965), (forfeiture); District of Columbia v. Little, 85 U.S.App.D.C. 242, 178 F.2d 13 (1949), affirmed on other grounds 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950), (housing code violation); United States v. Physic, 175 F.2d 338 (2nd Cir. 1949), (forfeiture); United States v. Butler, 156 F.2d 897 (10th Cir. 1946), (forfeiture); Walker v. United States, 125 F.2d 395 (5th Cir. 1942), (forfeiture); Rogers v. United States, 97 F.2d 691 (1st Cir. 1938), (civil action to recover import duties); Laprease v. Raymours Furniture Co., 315 F.Supp. 716 (N.D.N.Y.1970), (action to enjoin a replevin); State of Iowa v. Union Asphalt & Roadoils, Inc., 281 F.Supp. 391 (S.D.Iowa 1968), affirmed sub nom. Standard Oil Company v. State of Iowa, 408 F.2d 1171 (8th Cir. 1969), (treble damage antitrust action); United States v. Stonehill, 274 F.Supp. 420 (S.D. Cal.1967), affd. 405 F.2d 738 (9th Cir. 1968), (enforcement of tax lien); Lord v. Kelley, 223 F.Supp. 684 (D.Mass.1963), (action to enjoin evidentiary use of illegally seized records); United States v. One 1963 Cadillac Hardtop, 220 F.Supp. 841 (E.D.Wis.1963), (forfeiture); Lassoff v. Gray, 207 F.Supp. 843 (W.D.Ky.1962), (action to enjoin tax assessment); United States v. $4,171.00 in United States Currency, 200 F.Supp. 28 (N.D.Ill.1961), (forfeiture); United States v. Costello, 145 F. Supp. 892 (S.D.N.Y.1956), reversed on another issue 247 F.2d 384 (2nd Cir. 1957), which was in turn reversed on such other issue 356 U.S. 256, 78 S.Ct. 714, 2 L.Ed.2d 741 (1958), (denaturalization proceeding); Tovar v. Jarecki, 83 F.Supp. 47 (N.D.Ill. 1948), reversed on other grounds 173 F.2d 449 (7th Cir. 1949), (action to enjoin tax collection); Schenck v. Ward, 24 F.Supp. 776 (D.Mass.1938), (immigration proceeding); Ex Parte Jackson, 263 F. 110 (D. Mont.1920), (deportation proceeding).

Among the opinions in the federal courts the case of Powell v. Zuckert, 125 U.S. App.D.C. 55, 366 F.2d 634 (1966) has interesting similarities to the case at hand. This was a proceeding by a former Air Force civilian employee for judicial review of his discharge after exhaustion of his administrative remedies. The Court of Appeals held that an employee's discharge could not be based on evidence seized in violation of the United States Constitution, stating:

"It would seem wholly at odds with our traditions to allow the admission of evidence illegally seized by Government agents in discharge proceedings, which the Court has analogized to proceedings that 'involve the imposition of criminal sanctions * * *.' Peters v. Hobby, 349 U.S. 331, 344, 75 S.Ct. 790, 797, 99 L.Ed 1129 (1955); . . . ." at 640.

■ In the case at bench we have a county employee being discharged based only on evidence that was obtained from a search and seizure and evidence resulting from the arrest after contraband was found in the search and seizure. There was never a determination by the court that the search and seizure violated or did not violate the Constitution. The state chose not to file criminal charges for possession of marijuana, but instead, discharged the employee. The discharge resulted in the commission hearing and a judicial review. We are of the opinion that these proceedings have a sufficient quasi-criminal nature to warrant application of the exclusionary rule in order to protect Fourth Amendment rights. The trial court should have inquired into the sufficiency of the warrant and the legality of the search and seizure.

SUFFICIENCY OF THE EVIDENCE

■ Our review of the trial transcript discloses that the bulk of the evidence con-

sisted of contraband obtained from the search and seizure and post-arrest statements by appellant. The only exception is the testimony of appellant's ex-wife that the appellant stated before he moved into the apartment that his future roommates had used marijuana and he heard there were pot parties in the complex he was moving into.

If all the evidence admitted was properly admitted then there was sufficient evidence to sustain a discharge. However, if the only evidence properly admitted is the testimony of the ex-wife then certainly there is not sufficient evidence to support the judgment.

Since appellant was entitled to challenge the legality of the search and seizure, the lower court erred in summarily denying his motion to suppress. We therefore reverse and remand for further proceedings consistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).