## SCHER v. UNITED STATES.

No. 49.   Argued November 7, 1938.—Decided December 5, 1938.

*Mr. Gerald A. Doyle,* with whom *Mr. A. L. Greenspun* was on the brief, for petitioner.

*Mr. Alexander Holtzoff,* with whom *Solicitor General Jackson, Assistant Attorney General McMahon,* and *Messrs. Mahlon D. Kiefer* and *Herbert A. Bergson* were on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Petitioner Scher was found guilty under two counts of an indictment which charged violations of § 201, Title II, Liquor Taxing Act, January 11, 1934,[1] by possessing

---

[1] Ch. 1, § 201, 48 Stat. 313, 316 (U. S. C., Title 26, § 1152a, 1152g)—

"No person. shall . . . transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits. The provisions of this title shall not apply to—

.          .          .          .          .

"(f) Distilled spirits not intended for sale or for use in the manufacture or production of any article intended for sale; . . ."

Sec. 207—"Any person who violates any provision of this title, . . . shall on conviction be punished by a fine not exceeding $1,000, or by imprisonment at hard labor not exceeding five years, or by both."

and transporting distilled spirits in containers wanting requisite revenue stamps. He was sentenced for a year and a day, etc. The Circuit Court of Appeals affirmed the judgment.

No objection to the judge's charge is urged and the evidence submitted to the jury is adequate to support the verdict.

The material facts are not in serious dispute. A brief summation will suffice for the points to be considered.

Federal officers received confidential information thought to be reliable that about midnight, December 30, 1935, a Dodge automobile with specified license plate would transport "phony" whiskey from a specified dwelling in Cleveland, Ohio. About nine-thirty, officers posted nearby saw the described automobile stop in front of the house and remain there for an hour. A man, with three women and a package, then entered the car and drove away. It returned shortly before midnight, stopped at the rear of the house and remained for half an hour. The headlights were extinguished; the officers heard what seemed to be heavy paper packages passing over wood. Doors slammed; petitioner drove the car away, apparently heavily loaded. The officers followed in another car. After going a few blocks petitioner stopped briefly at a filling station; then he drove towards his own residence two or three blocks further along. The officers followed. He turned into a garage a few feet back of his residence and within the curtilage. One of the pursuing officers left their car and followed. As petitioner was getting out of his car this officer approached, announced his official character, and stated he was informed that the car was hauling bootleg liquor. Petitioner replied, "just a little for a party." Asked whether the liquor was tax paid, he replied that it was Canadian whiskey; also, he said it was in the trunk at the rear of the car. The officer opened the trunk and found eighty-eight bottles of distilled spirits in unstamped containers. He

arrested petitioner and seized both car and liquor. The officer had no search warrant.

At the trial counsel undertook to question the arresting officers relative to the source of the information which led them to observe petitioner's actions. Objections to these questions were sustained and this is now assigned as error.

Before trial petitioner's counsel moved "to suppress all of the evidence obtained by the search made by the Revenue agents in the above entitled cause, together with all information obtained by reason of such search, and to grant an order requiring the agents to return all articles seized by reason of said search. . . ." In support of this he relied upon the facts above stated. Denial of this motion is said to be error.

The exception in respect of transporting liquor not intended for sale found in the statute affords matter for affirmative defense. *Queen* v. *United States,* 64 App. D. C. 301; 77 F. 2d 780.

In the circumstances the source of the information which caused him to be observed was unimportant to petitioner's defense. The legality of the officers' action does not depend upon the credibility of something told but upon what they saw and heard—what took place in their presence. Justification is not sought because of honest belief based upon credible information as in *United States* v. *Blich,* 45 F. 2d 627.

Moreover, as often pointed out, public policy forbids disclosure of an informer's identity unless essential to the defense, as, for example, where this turns upon an officer's good faith. *Segurola* v. *United States,* 16 F. 2d 563, 565; *Shore* v. *United States,* 60 App. D. C. 137; 49 F. 2d 519, 522; *McInes* v. *United States,* 62 F. 2d 180.

Considering the doctrine of *Carroll* v. *United States,* 267 U. S. 132 (see *Husty* v. *United States,* 282 U. S. 694),

and the application of this to the facts there disclosed, it seems plain enough that just before he entered the garage the following officers properly could have stopped petitioner's car, made search and put him under arrest. So much was not seriously controverted at the argument.

Passage of the car into the open garage closely followed by the observing officer did not destroy this right. No search was made of the garage. Examination of the automobile accompanied an arrest, without objection and upon admission of probable guilt. The officers did nothing either unreasonable or oppressive. *Agnello* v. *United States*, 269 U. S. 20, 30; *Wisniewski* v. *United States*, 47 F. 2d 825, 826.

The challenged judgment is

*Affirmed.*