**SOMER et ux. v. UNITED STATES.**

No. 63.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1943.

---

[1] These were the names under which appellee was selling its cola drinks at the time of the original injunction.

answered that he had, and, going round to the rear, opened it and showed them two jugs of alcohol. They then arrested him and seized the sugar and the alcohol. On this showing, although the judge ordered "all evidence and information obtained * * * as the result of a search and seizure in the apartment * * * and the cellar" to be "suppressed," he denied "the motion to suppress any evidence seized * * * as a result of the seach" of the motor car or "on the person" of Somer. The prosecution does not challenge so much of the order as declared invalid the search of the apartment; but Somer has appealed from that part which refused to suppress the evidence found in the motor car and on his person.

Morris E. Packer, of Brooklyn, N. Y., for appellants.

Vine H. Smith, of Brooklyn, N. Y., and Harold M. Kennedy, U. S. Atty., and Herbert I. Sarin, Asst. U. S. Atty., both of Brooklyn, N. Y., for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order which in part denied a motion made before indictment of Somer, the appellant, and his wife, to suppress evidence seized upon a search. Somer lived in an apartment in Brooklyn where he was operating an illicit still; during his absence two "Investigators of the Alcohol Tax Unit," followed shortly thereafter by a policeman, went to the apartment and entered under circumstances which, as the district judge found, made their entrance unlawful. Somer's wife was at home at the time, and the officers, finding the still in actual operation, asked her where her husband was. She answered that he was out; that he delivered the "stuff"; and that "he would be back shortly." Having searched the apartment and the cellar to their satisfaction, the two officers went to the street in reliance upon what Somer's wife had told them; and in about twenty minutes he arrived in a motor-car with his son and stopped in front of the building. The officers could see behind the front seat a five-pound package, marked "granulated sugar," which on inquiry Somer acknowledged to be his. Detecting the smell of alcohol, with which they were familiar, the officers then asked Somer whether he had any in the car. He

When they made the arrest and search the officers did not act alone upon what Somer's wife had told them; they had already had "confidential information" about his doings before they went to the apartment at all, information whose source and details they, however, refused to divulge. It may be assumed that this was in part the basis of the arrest and seizure, aside from what they had learned in the apartment. We shall also assume arguendo that, had they not relied upon what they learned while in the apartment, but only upon the "confidential information" which they had before they arrived, they might lawfully have searched the car: i.e., that such information will support the search of a moving vehicle, though it will not support the search of a building. Husty v. United States, 282 U.S. 694, 700, 701, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 255, 59 S.Ct. 174, 83 L.Ed. 151. Nevertheless, even though the search might have been lawful if made upon that information alone, it was not so made. Somer's whereabouts was unknown to the officers; they might have waited his return in the apartment; they might have sought him elsewhere; or they might have gone to the street, and arrested him where in fact they did. If they had not done the last, they would not have caught him red-handed, or seized the evidence now in question. As the record stands, it was the information unlawfully obtained which determined their course. Since therefore the seizure must be set down to information which the officers were forbidden to use, it was itself unlawful under well-settled law. Silverthorne Lumber Company v. United States, 251 U.S.

385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426; Goldstein v. United States, 316 U.S. 114, 120, 62 S.Ct. 1000, 86 L.Ed. 1312; Nueslein v. District of Columbia, 72 App. D.C. 85, 115 F.2d 690, 694.

█ It follows that we must reverse the order; but it does not follow that the seizure was inevitably invalid. Possibly, further inquiry will show that, quite independently of what Somer's wife told them, the officers would have gone to the street, have waited for Somer and have arrested him, exactly as they did. If they can satisfy the court of this, so that it appears that they did not need the information, the seizure may have been lawful. The proceeding will therefore be remanded with leave to the prosecution to retry the issue in accordance with the foregoing.

Order reversed; proceeding remanded.