## NICHOLS v. UNITED STATES.

### No. 13889.

United States Court of Appeals
Eighth Circuit.

July 22, 1949.

432

C. Floyd Huff, Jr., Hot Springs, Ark., for appellant.

David R. Boatright, Assistant United States Attorney, Fort Smith, Ark. (R. S. Wilson, United States Attorney, and Charles A. Beasley, Jr., Assistant United States Attorney, Fort Smith, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The defendant (appellant), on January 15, 1948, was on the road from Hot Springs, Arkansas, to Arkadelphia, Arkansas, with 30 one-gallon jugs of non-tax-paid distilled spirits, commonly known as moonshine whiskey, hidden behind the back seat of his Plymouth sedan automobile. He was stopped by government officers (Investigators of the Alcohol Tax Unit of the Treasury Department), who, although they had no search warrant, searched his automobile, seized his whiskey, and arrested him. He was indicted for the possession and concealment of non-tax-paid whiskey. 26 U.S.C.A. § 2803 and § 3321. He made a motion to suppress the whiskey as evidence, on the ground that the search was illegal under the Fourth Amendment to the Constitution of the United States.

The District Court ruled that the search was legal. The defendant waived a jury trial, and was tried, convicted and sentenced by the court. He has appealed.

The sole questions for decision are: (1) the validity of the search, without a warrant, of the defendant's automobile; and (2) the propriety of the District Court's refusal to compel the officers to disclose the name of the informer who furnished them with probable cause to believe that the defendant would be on the road to Arkadelphia with a load of liquor the afternoon of January 15, 1948.

In denying the defendant's motion to suppress the evidence, the District Court said [78 F.Supp. 483, 486]:

"In the instant case the Federal Agents received information from a source believed reliable that Nichols was delivering untaxpaid distilled spirits into Arkadelphia in a particularly described automobile; Nichols was known by the agents to be a habitual violator of the Internal Revenue Laws; the automobile was intercepted on the highway leading into Arkadelphia; and the agents observed that the rear of the car was sagging as though carrying a load of some sort.

"These facts, considered together, furnished reasonable grounds for the agent's belief that Nichols was hauling distilled spirits in violation of the Internal Revenue Laws. Therefore, since there existed probable cause, the search was valid."

The facts as determined by the trial court are supported by evidence, are virtually undisputed, and are binding on this Court. The trial court was under no misapprehension as to the law. The search and seizure were legal, the officers having probable cause for believing that the defendant had contraband liquor in his car. Carroll v. United States, 267 U.S. 132, 155-156, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 700-701, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 254-255, 59 S.Ct. 174, 83 L.Ed. 151; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302.

The defendant was not entitled to have the name of the informer disclosed. Scher v. United States, supra, 305 U.S. at page 254, 59 S.Ct. 174, 83 L.Ed. 151, page 254 and cases cited.

The court correctly refused to suppress the evidence and to afford the defendant an opportunity to suppress the "confidential informer."

The judgment appealed from is affirmed.