**UNITED STATES of America, Petitioner,**

v.

**J. Myer SCHINE et al., Respondents.**

Crim. A. No. 6279.

United States District Court W. D. New York.

Dec. 2, 1954.

See also 125 F.Supp. 734.

John O. Henderson, U. S. Atty., Buffalo, N. Y., and Joseph E. McDowell, Sp. Asst. to the Atty. Gen., for petitioner.

Raichle, Tucker & Moore, Buffalo, Frank G. Raichle and James O. Moore, Jr., Buffalo, N. Y., of counsel, for respondents.

KNIGHT, Chief Judge.

The petitioner moves to set aside a subpoena issued on application of the respondents commanding them to produce certain documents and reports. The subpoena particularizes four different types of such documents or reports. They will be considered in the order followed in the subpoena.

■ (1) This asks for the production of correspondence between defendants and respondents, or their representatives, and the Department of Justice from January 1, 1942, to March 10, 1954. Ordinarily defendants would have the correspondence received from the respondents and the Department of Justice and lacking copies of its correspondence with respondents, plaintiff's counsel in open court stated that he would stipulate that the copies or photostat copies of such correspondence would be admitted without objection. Counsel for defendants seeks to explain the reason for this unusual request by saying that numerous different counsel have been employed by defendants who are not now so employed and points to the difficulty of gathering this material. It is not shown that any effort has been made to get this correspondence from any source other than the Department of Justice.

As to this direction in the subpoena, the petitioner's motion is granted.

■ (2) This asks for memoranda, reports and investigations respecting the ownership of three certain theatres. All of the books and records of these are available or can be made available to defendants through other process. The subpoena is too broad. It is not believed that a party is required by any rule to bare its case on such a general request. If there are particulars with regard to these theatres which are pertinent although not evidentiary in themselves, they will be considered.

As to this direction in the subpoena, the plaintiff's motion is granted.

(3) This calls for all of the material usable, or purporting to be usable by defendants on the trial of the issues herein. It is doubtful if any command of this extent has ever before been made in any comparable case. The trial is as for a criminal contempt, and it is not believed that the Department of Justice should be required to docu-

ment for defendants all of its proof. Again it may be said that if the defendants can point out particulars which are required, they will be considered. The defendants through this subpoena seem to be of the belief that they are entitled to everything in the files of the plaintiff relative to United States v. Schine, from the beginning of that case in 1939, because it reads in part "investigations respecting the activities of the above named defendants in relation to the Temporary Order of May 19, 1942." The subpoena is too broad and to the Court it seems that there is no justification for it.

As to this direction in the subpoena, plaintiff's motion is granted.

(4) What has hereinbefore been said as to (1) is applicable here. The defendants were parties to these conferences and should know what took place. If there is any particular conference concerning which they seek information, that will be considered. Nothing more needs to be said.

As to this direction in the subpoena, the plaintiff's motion is granted.

■ (5) The relevancy of this command is not apparent, nor is it seen that any discovery can lead to relevant material. Again such records are available from the companies which have been involved in anti-trust theatre cases.

As to this command in the subpoena, plaintiff's motion is granted.

See United States v. Iozia, D.C., 13 F.R.D. 335; Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879; United States v. Mesarosh, D.C., 13 F.R.D. 180; United States v. Maryland & Virginia Milk Producers Association, D.C., 9 F.R.D. 509; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; United States v. Williams, 2 Cir., 161 F.2d 835.

Filed Dec. 2.