Ophelia JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20621.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1964.

Rehearing Denied March 26, 1964.

M. H. Myerson, Jacksonville, Fla., for appellant.

Samuel S. Jacobson, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

Appellant was convicted of possessing distilled spirits having no stamps affixed thereto in violation of Title 26 U.S.C.A. § 5604(a) (1), after having waived jury trial.

She was arrested after agents chased the car which she was driving through a part of downtown Jacksonville at high rates of speed with the siren on the agent's car in operation. The whiskey in question was in her car at the time. The agents followed her car from a house which they had been informed several days earlier was being used for storing whiskey. They had it under surveillance from a nearby house on two previous nights and had seen the car in question back into the garage on two occasions, without lights, and then depart after a few minutes in the garage, turning the lights on after getting into the street. The officers, based on their experience, believed the premises were being used, in their language, as a whiskey stash house. The next night they followed appellant for several blocks when the car left the house after a similar *modus operandi*, and the flight took place upon appellant discovering that she was being followed.

There was probable cause for the arrest without a warrant. Fla.Stat., Section 901.15(3), F.S.A.; United States v. Di Re, 1943, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; and Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. And the activity of the informer was unnecessary either to sustaining that probable cause, or to appellant's defense, and thus there was no error in failing to require disclosure of the name of the informer. Scher v. United States, 1938, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; and Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

The claim that evidence with relation to other law violations was admitted, and that the evidence was insufficient are equally without merit. Teate v. United States, 5 Cir. 1961, 297 F.2d 120.

The judgment is affirmed.