## State of Connecticut *v.* Hayward Hall

Superior Court     Fairfield County     File No. 18785
AT BRIDGEPORT

Memorandum filed November 19, 1969

*Donald A. Browne,* assistant state's attorney, for the state.

*Howard T. Owens, Jr.,* of Bridgeport, for the defendant.

GRILLO, J. The defendant, charged with the sale of marihuana, seeks, via his motion for production

and discovery, the name and address of the confidential informer referred to by the affiant in the affidavit furnishing support for the issuance of the bench warrant resulting in the arrest of the defendant, and he further seeks to have disclosed information as to the informer's participation relative to the commission of the crime charged.[1] He contends that the information is material to the preparation of his defense. He cites *Roviaro* v. *United States*, 353 U.S. 53 (1957), as authority for the honoring of this request. There is no indication whether the information sought is to be utilized with reference to a potential claim that no probable cause existed for the issuance of the warrant or whether the requested data will be necessary in support of his defense at the trial. Inquiry directed to the merit of his request will, therefore, be referable to both these phases of the case.

It is elementary that the informer plays an important role in the enforcement of criminal laws and often a major part in the apprehension of criminals, particularly in the field of violations of narcotics laws. Equally clear is the fact that supplying information to the government may involve danger to the informer. As a result, there has evolved a so-called informer's privilege—assertable either by the government or the court—and this has been the informer's traditional courtroom shield. This protection from identification is not, however, unlimited. "Courts will compel revelation of informers' identity where such disclosure is necessary or likely to show the innocence of the defendant or

---

[1] In passing, it is to be noted that § 54-86a of the General Statutes does not specifically require the disclosure of the requested information. Nevertheless, since the state has made no objection on this basis, the court has decided to rule upon the question without regard to whether that section enunciates a limitation as to items subject to disclosure and production.

is in some other way essential to the defense, or where it will lessen the risk of false testimony . . . [or] where the informer is not a 'mere informer,' but instead a person who took part in the conduct relied upon by the government to prove its case." Comment, "An Informer's Tale: Its Use in Judicial and Administrative Proceedings," 63 Yale L.J. 206, 213 (1953). The United States Supreme Court has enunciated the following guideline, succinctly stated: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action." *Roviaro* v. *United States,* supra, 60; note, 76 A.L.R.2d 262, 280 (1961).

In pretrial proceedings involving the determination whether probable cause existed for an arrest, with or without a warrant, if the arrest is based solely on an informer's statement the prosecution must reveal the identity of the informer. *Scher* v. *United States,* 305 U.S. 251, 254 (1938); *Wilson* v. *United States,* 59 F.2d 390 (1932); see cases cited at 63 Yale L.J. 214. It has been held that the "better way to reach the question [where disclosure is ordered] is to compel [the government] to forego the use of the testimony by the agent [who refuses to name the informer] favorable to it, unless willing to submit to a full cross-examination." *United States* v. *Keown,* 19 F. Sup. 639, 646 (1937). Where considerations other than the informer's activity play a part in the arrest, however, it should rest entirely with the judge to decide whether he needs such disclosure in order to decide whether the witnesses testifying to such other factors are believable. *McCray* v. *Illinois,* 386 U.S. 300, 305 (1967).

In *Roviaro* v. *United States,* supra, where the court concluded that the trial court committed prejudicial error in permitting the government to withhold the identity of its undercover employee, the following elements were present: "John Doe" (the informer) was listed in one count of the indictment as the person to whom a sale of heroin was made. The court viewed this count as linked to the second count, involving transportation of narcotics. It was evident from the face of the indictment that "Doe" was a participant in that sale. There was a showing that the informer had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported drugs as charged.

In the present case, the information alleges a sale to a named undercover agent—one Angel Feliciano —not the informer. Recognizing that the *Roviaro* case involved an appraisal of evidence introduced at trial and that this case has not reached that stage, we have consulted the affidavit relating to the application for a bench warrant to determine the basis for the arrest, in an attempt to glean therefrom some indication as to whether there were factors other than the information obtained from the informer justifying the issuance of the bench warrant, and as to whether the circumstances surrounding the sale, as set forth by the affiant, demonstrate that the informer would or would not be a material witness at the trial as to whether the defendant committed the crime charged. The affidavit demonstrates convincingly that the role of the informer was minimal—directing the government agent to where narcotics sales were being made—and that the sale was effected without any overt action on the part of the informer but through the activity of the

named agent and the defendant alone. This activity would alone justify the action of the court in finding probable cause for the issuance of the bench warrant. That is to say, there is no indication here that the ultimate arrest was based on the informer's statement alone, thus requiring a revelation of his identity for use at a pretrial hearing, assuming one is in the offing. Nor do the circumstances attendant upon the alleged sale—as deduced from the affidavit and the information—manifest the materiality of the informer as a trial witness, thereby rendering his identification "essential to a fair determination" of the case. Thus disclosure is not necessary with reference to both the aspects of pretrial and trial proceedings referred to above.

"Mere speculation that the informer might possibly be of some assistance is not sufficient to overcome the public interest in the protection of the informer." *Lannom* v. *United States,* 381 F.2d 858, 861 (1967). In effect, the "defendant's bland and sweeping claim" is made with no foundation other than a hope of materiality. See *United States* v. *Halsey,* 257 F. Sup. 1002, 1006 (1966).

In balancing the public interest in protecting the flow of information against the individual's right to prepare his defense, the court is of the opinion that the position of the state's attorney in resisting disclosure is consonant with preserving the spirit of the privilege he has to hold as confidential, the information coming to him as a representative of the state, and with his duty to aid in securing justice. *State* v. *Zimnaruk,* 128 Conn. 124, 127.

The motion is denied.