THOMAS DEEMS CLAYTON, a/k/a THOMAS
VINCENT, a/k/a THOMAS JENSEN *v.*
STATE OF MARYLAND

[No. 534, September Term, 1970.]

*Decided May 4, 1971.*

The cause was argued before ORTH, THOMPSON and MOYLAN, JJ.

*Cornelius J. Vaughey* for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Andrew L. Sonner, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Thomas Deems Clayton, was convicted in the Circuit Court for Montgomery County by a jury, presided over by Judge Irving A. Levine, of burglary and grand larceny.

On appeal, he raises two contentions:

(1) That probable cause did not exist for the police to search his automobile without a warrant; and

(2) That even if probable cause for the warrantless seizure of the automobile existed in the first place, it was unreasonable for the police to carry out a painstaking search of the vehicle approximately six and one-half hours later without having obtained a warrant during that interim period.

On March 27, 1969, at approximately 1:30 a.m., the appellant's 1965 white Lincoln automobile was seized by Montgomery County police from in front of the 9600 block of Cottrell Terrace in Silver Spring where it had been parked for approximately six hours and where it had been under police surveillance. The automobile was taken to the Silver Spring Police Headquarters where it was subjected to a thorough search at approximately 8:00 a.m. on that same day. Stolen goods discovered in the appellant's automobile led to his indictment for three separate burglaries perpetrated in the Silver Spring area of Montgomery County. The appellant here had earlier appealed from his convictions in two of those burglaries.

We affirmed those convictions in *Clayton v. State,* 11 Md. App. 160. The very same question as to the existence *vel non* of probable cause to justify the warrantless seizure and subsequent search of the appellant's automobile was raised on that appeal. We there held that probable cause did exist to believe that the automobile in question did contain fruits, instrumentalities or other evidence of burglary and that the warrantless seizure and search of the vehicle was justified under the doctrine of *Carroll v. United States,* 267 U. S. 132; *Chambers v. Maroney,* 399 U. S. 42; and *Middleton v. State,* 10 Md. App. 18. We held specifically:

> "We believe that this evidence was sufficiently substantial for the police to believe that probably the Lincoln contained contraband or evidence of the housebreaking and the identity of the criminal agent. Thus the seizure of the car and its search were reasonable." *Clayton v. State, supra,* at 170.

That holding is dispositive of the first question raised by the appellant in the instant case.

He, secondly, contends that even if probable cause did exist to justify the warrantless seizure of the automobile in the first instance, there was full opportunity for the police to obtain a search warrant before conducting a minute and thorough-going search of the automobile, including dusting it for fingerprints, some six and one-half hours after the initial seizure. He relies heavily on *Preston v. United States,* 376 U. S. 364, and *Kleinbart v. State,* 2 Md. App. 183. His reliance on these cases is totally misplaced, since they dealt with the question of automobile searches conducted incidental to arrests. That doctrine is not involved in the case at bar.

In dealing rather with the warrantless search of the vehicle, irrespective of whether any arrest is involved or not, as that body of law has been developed from *Carroll v. United States, supra,* through *Husty v. United States,*

282 U. S. 694; *Scher v. United States,* 305 U. S. 251; *Brinegar v. United States,* 338 U. S. 160; and *Dyke v. Taylor Implement Manufacturing Company,* 391 U. S. 216, to *Chambers v. Maroney, supra,* and applied in Maryland on numerous occasions (see cases cited in *Middleton v. State, supra*), no distinction is made between probable cause to seize an automobile in the first instance and probable cause to conduct a follow-up search of that automobile. *Chambers v. Maroney* makes plain that even where opportunity exists for the police to obtain a search warrant in the interval between the seizure and the search, no such unnecessary burden will be placed upon them. *Chambers v. Maroney* held, at p. 51-52:

> "Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.
>
> "On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured.

In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained. The same consequences may not follow where there is unforeseeable cause to search a house. Compare Vale v. Louisiana, 399 U. S. 30, 26 L.Ed.2d 409, 90 S. Ct. 1969 (1970). But as Carroll, supra, held, for the purposes of the Fourth Amendment there is a constitutional difference between houses and cars."

See also *Johnson v. State*, 10 Md. App. 652, at 660.

Where, as in this case, the automobile is legitimately seized in the small hours of the morning and taken to the police station, where the services of a fingerprint expert are required to carry out a proper search and where that search is conducted promptly at 8 A.M. the same morning, we hold that the search is sufficiently immediate to the seizure to fall within the rationale of *Chambers v. Maroney, supra.*

*Judgments affirmed.*