**SECRETARY OF LABOR, Plaintiff,**

v.

**SUPERIOR CARE INC.; National Nursing Services, Inc.; Ann T. Mittasch, Individually and as President; Robert M. Rubin, Individually and as Secretary and Treasurer, Defendants.**

**No. CV 83–5569.**

United States District Court, E.D. New York.

Oct. 9, 1985.

Jay S. Burke, Regional Sol. by Percy Miller, U.S. Dept. of Labor, New York City, for plaintiff.

Epstein, Becker, Borsody & Green, P.C., by Robert L. Jauvtis & Dale E. Callender, New York City, for defendants.

## DECISION AND ORDER

WEXLER, District Judge.

Plaintiff Secretary of Labor (the Secretary) appeals an order of The Honorable David F. Jordan, United States Magistrate, pursuant to Rule 5 of the Standing Order of the Court on Effective Discovery in Civil Cases, compelling the Secretary to: (1) pro- vide the names, addresses, and statements of defendant Superior Care's present or former employees that the Secretary ex- pects to call as witnesses; and (2) produce all documents relating to the Secretary's investigations of Superior Care's present and former employees. For the reasons stated below, the Magistrate's Order is re- versed.

This is a wage and hour case under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201–19, (FLSA) brought by the Secretary alleging Superior Care's failure to pay overtime to some of its employees. Superior Care contends that the employees were either independant contractors or ex- empt professionals.

Superior Care sought to depose William Otter, former Administrator of the Wage and Hour Division of the Department of Labor and to obtain documents relative to the Department's investigation. Specifical- ly, Superior Care sought the notes compiled by Richard Mormile, the Department's in- vestigator, during the course of his inter- views with Superior Care's employees. The Secretary moved for a protective or- der. Superior Care cross-moved for an or- der to compel production. In an Order dated August 29, 1985, Magistrate Jordan granted the Secretary's motion for a pro- tective order precluding Superior Care's deposition of Mr. Otter and issued the fol- lowing order with respect to production of documents:

1. Plaintiff is therefore directed to produce within three weeks the names and present addresses, if known, of all nurses, present or former employees of defendant, who it expects to call as wit- nesses at trial to testify. The plaintiff is also directed to provide all statements made by those witnesses. It is clear that the informants' privilege is inapplicable with respect to witnesses whose identi- ties are known. *Dowd v. Calabrese*, 101 F.R.D. 427, 436–37 (D.D.C.1984).

2. Plaintiff is to produce within three weeks all documents which plaintiff plans to introduce at trial relating to investigator Mormile's investigations of

all present and former employees of defendants.

Decision and Order at 11–12.

The Secretary now seeks a review of the Magistrate's ruling and urges a reversal on two grounds; the informer's privilege and the attorney work product privilege, Fed.R. Civ.P. 26(b)(3).[1] In conjunction with the Secretary's appeal, the Solicitor of Labor has interposed a formal claim of privilege.

## DISCUSSION

■ ■ "The privilege for communications by informers to the government is well established and its soundness cannot be questioned." *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir.1959). The importance of informants to successful law-enforcement cannot be underestimated and courts have consistently ruled against disclosure of the identity of government informants. *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Scher v. United States*, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151 (1938); *United States v. Tucker*, 380 F.2d 206 (2d Cir. 1967); *United States v. Russotti*, 746 F.2d 945 (2d Cir.1984); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir.1983). There is no bright line for determining when the privilege will apply and each case must be analyzed according to its facts under a delicate balancing test. The court must weigh the public's interest in protecting both the flow of information and the safety of the informer against the defendant's right to prepare a defense. *Rovario*, 353 U.S. at 62, 77 S.Ct. at 628. In this Circuit the burden of establishing the need for disclosure is on the party that seeks it and the burden is not met by a showing that the information would merely be of some assistance to the party. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir.1983); *In re United States*, 565 F.2d 19, 23 (2d Cir. 1977); *Michaelson v. Daly*, 590 F.Supp. 261, 264–65 (N.D.N.Y.1984). Although the privilege is often invoked in criminal cases,

it applies with at least as much force in civil cases. One of the most common applications of the privilege in civil cases is in cases arising under the FLSA and in these cases courts have generally refused disclosure. J. Weinstein & M. Berger, 2 *Weinstein's Evidence* ¶ 510[05] at 510–29; C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2019 n. 77. The reason for the virtually unanimous refusal to compel disclosure is two-fold. First, the defendant's need for the identity of the employee informer is usually unrelated to the proof offered at trial. *See, e.g., Wirtz v. Continental Finance & Loan Co. of West End*, 326 F.2d 561, 563 (5th Cir.1964). Second, the employee's fear of retaliation is great and only through the preservation of the employee's anonymity can the government hope to discover illegal employment practices. *Wirtz v. B.A.C. Steel Products, Inc.*, 312 F.2d 14, 16 (4th Cir.1962).

■ In this case, Superior Care's need to obtain the investigator's reports does not outweigh the importance of protecting the informers. As indicated at the October 2 pretrial conference Superior Care has a number of alternatives it may pursue that do not require revelation of an informer's identity. For example, Superior Care is free to depose or interview any of its current or former employees.

The Court is aware, however, that the privilege is not absolute and that at some point, defendant's right to prepare a defense could outweigh the need for privilege. This would tend to occur when the Secretary seeks to introduce witnesses that Superior Care has not yet had an opportunity to depose.

Accordingly, the August 29, 1985 Order of Magistrate Jordan directing the Secretary to produce the names, addresses, and statements of all present and former Superior Care employees that the Secretary expects to call as witnesses and directing the Secretary to produce all documents relating to the investigation of Superior's present

---

1. Because the Magistrate did not address the latter issue and because the Secretary is entitled to prevail on the informer's privilege, it is not necessary to reach the issue of whether the Secretary is entitled to a protective order under Rule 26(b)(3).

and former employees is reversed. The Secretary's motion for a protective order is granted and Superior Care's motion for an order compelling production is denied.

Superior Care does not appeal the Magistrate's order granting the Secretary a protective order with respect to the deposition of William Otter. Accordingly, that part of the Magistrate's Order is affirmed.

SO ORDERED.