Robert B. **REICH, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**GREAT LAKES COLLECTION BUREAU, INC., Joel Castlevetre, Roberta Castlevetre and Joseph Mosey, Defendants.**

No. 95–CV–828C(H).

United States District Court, W.D. New York.

Feb. 20, 1997.

Patricia M. Rodenhausen, U.S. Dept. of Labor, New York City, for plaintiff.

Krista Gottlieb, Mattar & D'Agostino, Buffalo, NY, for defendants.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. John T. Curtin for pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b). Defendants have moved to compel the production of over 300 documents identified by plaintiff as privileged or subject to protection as trial preparation material. Oral argument was heard on November 12, 1996, following which plaintiff was directed to submit a detailed privilege log and the document for *in camera* review. Further oral argument was heard on January 28, 1997, and documents numbered 11, 12, 13, 29 and 31–1 through 31–112 were reviewed *in camera*.

This order confirms the court's rulings on documents 11, 12, 13, 29 and 31–1 through 31–112.

## BACKGROUND

On September 25, 1995, the Secretary of Labor filed a complaint against defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff alleges that defendants have failed to pay minimum wage and overtime compensation, and have failed to keep adequate records as required by DOL regulations (Item 1, ¶ XII).

The government has produced a list containing the names and addresses of witnesses believed to have knowledge of the facts of the case, along with summaries of alleged violations and amounts allegedly due for each employee which the government contends was underpaid. The government has also answered interrogatories as to its investigation and computations. The government has refused to produce worksheets prepared by DOL investigators, and reports of employee complaints and interviews.

The defendants have moved to compel the production of these items, and the government asserts the informer's privilege, work product immunity and the attorney-client privilege.

## DISCUSSION

### A. Document No. 11.

■ Document No. 11 is a 4–page worksheet entitled "Summary of Items Referenced in 'B' Exhibits." The "B Exhibits" are the sheets on which DOL Investigator Martin Murray recorded the statements made by over 100 of defendants' employees. Document No. 11 was prepared by Investigator Murray in 1995. It contains the names of 69 of the defendants' employees, followed by several columns identifying whether specific items of information were obtained from these employees during the investigator's interview.

■ The government maintains that this document is protected by both the informer's privilege and work product immunity. As to the informer's privilege, " '[t]he privilege for communications by informers to the government is well established and its soundness cannot be questioned.' " *Secretary of Labor v. Superior Care, Inc.*, 107 F.R.D. 395, 397 (E.D.N.Y.1985)(quoting *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir.1959); *see also Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Scher v. United States*, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938); *United States v. Tucker*, 380 F.2d 206 (2d Cir.1967)). The informer's privilege has frequently been applied in civil cases brought under the FLSA. *See, e.g., Martin v. Albany Business Journal, Inc.*, 780 F.Supp. 927, 930–31 (N.D.N.Y.1992); *Secretary of Labor v. Superior Care, Inc., supra; see also Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282 (5th Cir.1987)(citing numerous instances of application in FLSA context); *Wirtz v. Continental Finance & Loan Co. of West End*, 326 F.2d 561, 563 (5th Cir.1964); J. Weinstein & M. Berger, 2 *Weinstein's Evidence* ¶ 510[05] at 510–29; C. Wright & A. Miller, *Federal Practice & Procedure* § 2019 n. 77.

The rationale for the privilege was perhaps best explained by the Fifth Circuit in the *Continental Finance* case, as follows:

[T]he most effective protection from retaliation is the anonymity of the informer. The pressures which an employer may bring to bear on an employee are difficult

to detect and even harder to correct. The economic relationship of employer-employee makes possible a wide range of discriminatory actions from the most flagrant to those so subtle that they may be scarcely noticed.

*Wirtz v. Continental Finance & Loan Co. of West End, supra,* 326 F.2d at 563–64.

■ The cases have also uniformly recognized that the informer's privilege "is a qualified one, not absolute, limited by the underlying purpose of the privilege as balanced against the fundamental requirements of fairness and disclosure in the litigation process." *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,* 459 F.2d 303, 305 (5th Cir.1972). As explained by the Supreme Court in *Roviaro v. United States, supra:*

> The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the informer has been disclosed to those who have cause to resent the communication, the privilege is no longer applicable. A further limitation of the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

353 U.S. at 60, 77 S.Ct. at 627 (footnotes omitted).

Here, the names can be deleted from the document and the contents disclosed without compromising the informers' identities.

■ As to work product protection, Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that a party may discover documents "prepared in anticipation of litigation . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." In determining whether this qualified protection applies, the initial inquiry is "whether, in light of the nature of the documents and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 125 F.R.D. 51, 54 (S.D.N.Y.1989). The protection from disclosure offered by Rule 26(b)(3) "requires a more immediate showing than the remote possibility of litigation." *Garfinkle v. Arcata Nat. Corp.,* 64 F.R.D. 688, 690 (S.D.N.Y. 1974). "Litigation must at least be a real possibility at the time of preparation or, in other words, the document must be prepared with an eye to some specific litigation." *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 143 (D.Del.1982).

■ The government maintains that all work done by the investigator after the initial employee complaint was received is subject to work product protection. Like the court in *Martin v. Ronningen Research & Development Co., Inc.,* 1992 WL 409936 (W.D.Mich. October 13, 1992), I refuse to construe the work product doctrine so broadly. First, these investigations are done in the ordinary course of the DOL's activities. They are not conducted by attorneys and do not automatically lead to litigation. Second, the cases construing the work product doctrine in this context are primarily interested in protecting informing employees from retaliation. This can be done by relying on the informer's privilege, without attempting to stretch the work product doctrine to cover routine DOL investigations. As already set forth above, the informing employees' names can be deleted from Document No. 11 and the defendants' interest in preparing for trial can be protected by disclosing the rest of the document.

Accordingly, defendants' motion to compel is granted as to Document No. 1 1, with the employees' names redacted.

### B. Document No. 12.

This document is a one-page worksheet entitled "Salaried Collector Hours." It is a summary of information obtained by Mr. Martin as a result of interviews of 21 collectors who received salaries. It is similar in

format and content to Document No. 11. The same ruling should apply.

Accordingly, defendants' motion to compel is granted as to Document No. 12. Plaintiff is directed to produce this document to defendant with the names of the individual employees redacted.

## C. Document No. 13.

This document is entitled "Salaried Administrative Employees." According to representations made by Mr. Martin during the court's *in camera* review, this document is a summary of information obtained as a result of interviews of approximately 32 salaried employees in defendants' smaller administrative departments. This court's review of the document indicates that it does not contain any decipherable or relevant information that has not already been provided in the "Summary of Unpaid Wages" (*see* Item 20, Ex. A(B)).

Accordingly, defendants' motion to compel is denied as to Document No. 13.

## D. Document No. 29.

■ This document consists of two "Employee Information" forms recording two individuals' formal complaints to the DOL about defendants' failure to pay overtime. These complaints are what originated the investigation.

This document is clearly protected by the informer's privilege. Redaction of the employee's name or other identifying information is not sufficient because the employee probably could be identified from the content of the communications. Accordingly, subject to the caveat explained below, defendants' motion to compel is denied as to Document No. 29.

## E. Document Nos. 31–1 through 31–112.

■ Document No. 31–1 is a list of employees (or former employees) interviewed by the DOL, a description of the employee's job, and the type of interview conducted (telephone, personal or mail). It is protected from disclosure under the informer's privilege.

■ Document Nos. 31–2 through 31–112 are employee interview statements, recorded by Investigator Murray in his handwriting. These statements are clearly protected from disclosure under the informer's privilege. Redaction of the employee's name or other identifying information is not sufficient because the detailed information contained in these statements could provide a basis for identification of the employee.

Accordingly, defendants' motion to compel is denied as to Document Nos. 31–1 through 31–112.

■ The rulings set forth above are subject to an important caveat. The informer's privilege does not override the government's duty to disclose the identity of witnesses who will testify at trial. *Brock v. DialAmerica Marketing, Inc.*, 1986 WL 28913, at *5 (D.N.J. October 15, 1986). In *DialAmerica*, the court stated as follows:

> It is untenable to suggest that the flow of informant-generated information to the government will be enhanced or protected by temporarily withholding the identity of informants who will ultimately be identified at trial. As stated by one court "the privilege should not preclude disclosure [of the identity of the informer] . . . where the person giving information is to be called as a witness by the Government at trial, there being nothing to protect. . . ." *United States v. Julius Doochin Enterprises, Inc.*, 370 F.Supp. 942, 945 (M.D.Tenn.1973).

*Id.*

Thus, if any of the employees whose statements are protected by the informer's privilege are identified as trial witnesses, their statements are discoverable at the time of trial. The courts have used a variety of methods to address this issue at trial. For example, in *Martin v. Ronningen Research & Development Co., Inc., supra,* the court directed the government to produce the witness's statement to the defense after the witness testified, as prescribed in the Jencks Act in a criminal case. *See* 18 U.S.C. § 3500(b). In *Brennan v. Engineered Products, Inc.,* 506 F.2d 299, 304–05 (8th Cir. 1974), the court directed the government to provide a list of witnesses but left the ques-

tion of production of these witnesses' statements and the time of their production for the pretrial conference. Finally, at least one court has forbidden defense counsel from questioning such witnesses at depositions about prior statements to the government investigators. *Brock v. DialAmerica Marketing, Inc., supra.*

In this district, the parties are required to identify their witnesses when they file pretrial statements. *See* Rule 16.1(*l*)(3), Local Rules of Civil Procedure for the Western District of New York. A date for filing pretrial statements is typically included in the scheduling order governing discovery and trial. No scheduling order has been entered yet, but it is the court's intention to do so in the near future.

Accordingly, defendants may seek a modification of this order after plaintiff has identified its witnesses in its pretrial statement.

### *CONCLUSION*

To summarize, the in-court rulings made by the undersigned on January 28, 1997 are confirmed as follows:

1. Defendants' motion to compel is granted as to Document Nos. 11 and 12. Plaintiff is directed to produce these documents with the employees' names redacted, within 10 days of receipt of this order.

2. Defendants' motion to compel is denied as to Document Nos. 13, 29, and 31–1 through 31–112, without prejudice to renew the motion after trial witnesses are identified.

Counsel are directed to appear before the undersigned on Friday, February 21, 1997 at 11:00 a.m. for review of the remaining documents subject to this motion.

**SO ORDERED.**