IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40700
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN RAMON ALVAREZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-96-CR-219-1
--------------------
January 28, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Juan Ramon Alvarez appeals his conviction for possession of marijuana with the intent to distribute it.  He argues that the district court erred when it denied his motion to suppress evidence of marijuana discovered pursuant to an investigatory stop made in Alvarez's driveway.  In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error and the legal conclusions

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are reviewed de novo. United States v. Smith, 273 F.3d 629, 632 (5th Cir. 2001). The evidence is reviewed in the light most favorable to the prevailing party. Id.

Alvarez argues that the district court erred when it concluded that he lacked standing to object to the search of the van he was driving because he lacked permission from the van's owner to drive it on that occasion. We agree. A homeowner may have a reasonable expectation of privacy in a vehicle owned by a third party but parked on the homeowner's property. United States v. Gomez, 276 F.3d 694, 697-98 (5th Cir. 2001). Because the van was searched on his property and "was the subject of the unlawful enterprise in which he took part," Alvarez has standing to challenge the search. See id. at 697.

Alvarez argues that there was not reasonable suspicion to perform an investigatory stop of the van. After a thorough review of the record and application of the factors enunciated in United States v. Brignoni-Ponce, 422 U.S. 873, 884-885 (1975), we conclude that the investigatory stop of Alvarez was made with reasonable suspicion of Alvarez's criminal activity.

Alvarez argues that there no investigatory stop, but rather he was followed onto his private property. Investigatory stops may in some circumstances occur on private property. See United States v. McLaughlin, 578 F.2d 1180, 1183-84 (5th Cir. 1978). In McLaughlin, we declined to create a rule that automobile drivers are safe if they can make the sanctuary of the nearest private

driveway or carport.  Because the agent who stopped Alvarez could have stopped the van on the street right before Alvarez turned into the driveway and the agent closely followed Alvarez onto his property, the stop in the driveway was not unreasonable.  See id.; see also Scher v. United States, 305 U.S. 251, 255 (1938).

Alvarez also argues, for the first time on appeal, that the investigatory stop took four hours to complete.  We do not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of its ruling.  Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Alvarez further argues that the marijuana was not visible in the van because the van's windows were covered by curtains and venetian blinds.  The border patrol agent who testified at Alvarez's suppression hearing refuted this allegation.  The district court determined that the bundles of marijuana were visible from the rear windows of the van.  When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.  United States v. Gillyard, 261 F.3d 506, 509 (5th Cir. 2001), cert. denied, 122 S. Ct. 841 (2002).

The subsequent search of the van was not tainted by the stop because the stop was made with a reasonable suspicion that the van contained marijuana or other contraband.  See United States v. Espinosa-Alvarado, 302 F.3d 304, 306-07 (5th Cir. 2002).  The

district court did not err in denying Alvarez's motion to suppress. The judgment of the district court is AFFIRMED.