United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50996
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LENZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-499-1-XR
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Following the denial of his motion to suppress, Kenneth Lenz entered a conditional guilty plea to one count of conspiring to manufacture an unspecified quantity of methamphetamine. He appeals the denial of his motion to suppress and the 80-month sentence imposed by the district court. We AFFIRM.

Lenz challenges the stop of his brother's pickup truck, in which Lenz was a passenger, and the seizure of evidence from the truck. Lenz does not have standing to challenge the seizure of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence.  See United States v. Roberson, 6 F.3d 1088, 1091 (5th Cir. 1993).  However, because a stop of the vehicle results in the seizure of the passenger, Lenz has standing to challenge the stop of the truck.  See id.

Lenz argues that the stop of the truck, which occurred in a driveway on Lenz's property, was not based on probable cause.  He also challenges his warrantless arrest as unsupported by probable cause.  This court may affirm the district court's ruling on a motion to suppress based on any rationale supported by the record.  United States v. Ibarra-Sanchez, 199 F.3d 753, 758 (5th Cir. 1999).

As the Government points out, and a review of Lenz's suppression motion shows, Lenz did not raise these issues in the district court.  Accordingly, our review is for plain error.  See United States v. Maldonado, 42 F.3d 906, 912 (5th Cir. 1995).

Under FED. R. CRIM. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 735-36.

The stop of the truck is properly analyzed under the reasonable suspicion standard of <u>Terry v. Ohio</u>, 392 U.S. 1 (1968). <u>See</u> <u>United States v. McLaughlin</u>, 578 F.2d 1180, 1183-84 (5th Cir. 1978); <u>see</u> <u>also</u> <u>Scher v. United States</u>, 305 U.S. 251, 255 (1938). In view of the information known to surveillance agents regarding the activities at the Dreibrodt location, which were consistent with the manufacture of methamphetamine, Lenz has not shown that the district court plainly erred in determining that the truck was lawfully stopped. <u>See</u> <u>Terry</u>, 392 U.S. at 30; <u>Calverley</u>, 37 F.3d at 164.

Upon stopping the vehicle on Lenz's property, agents observed, in plain view in the bed of the pickup, objects and odors consistent with methamphetamine manufacture. These observations, in conjunction with other facts known to the agents, supplied probable cause for Lenz's warrantless arrest. <u>See</u> <u>United States v. Ramirez</u>, 145 F.3d 345, 352 (5th Cir. 1998). Lenz has not demonstrated plain error. <u>See</u> <u>Calverley</u>, 37 F.3d at 164.

Lenz contends that the stop of the truck was pretextual. This court has held that "the constitutional reasonableness of the stop does not depend upon the actual motivations of the officer involved. An officer may stop a motorist for a traffic violation even if, subjectively, the officer's true motive is to investigate unrelated criminal offenses." <u>United States v. Sanchez-Pena</u>, 336 F.3d 431, 437 (5th Cir. 2003) (footnote omitted). As discussed above, the surveillance agents had reasonable suspicion sufficient

3

to justify a stop of the truck.  Lenz has not shown error.

Lenz briefs the issue whether the "open fields" doctrine applies, but he admits that the doctrine is "merely academic" in this matter because the district court did not rely on it.  Lenz fails to show error on the part of the district court.

Lenz challenges the warrantless entry of his house, which took place prior to the issuance of a search warrant.  He argues that law enforcement officers manufactured the exigent circumstances that led to the entry of the home.  However, as Lenz concedes in his discussion of the protective sweep of his home, no evidence was discovered during the warrantless entry, and Lenz does not contest the district court's determination that the affidavit in support of the search warrant was untainted by the warrantless entry.  This court has stated that "(an) appellant( ) cannot complain of evidence which might have been discovered and introduced, but was not. . . ."  United States v. Poole, 557 F.2d 531, 536 (5th Cir. 1977).

Lenz argues that there was not probable cause to support the issuance of a search warrant for his house.  Because Lenz did not raise this issue in the district court, we review for plain error. See Maldonado, 42 F.3d at 912.

This court's review of the district court's denial of a motion to suppress evidence obtained pursuant to a warrant consists of two steps: "(1) whether the good-faith exception to the exclusionary rule applies; and (2) whether probable cause supported the

4

warrant." <u>United States v. Satterwhite</u>, 980 F.2d 317, 320 (5th Cir. 1992). Lenz has not shown that the good-faith exception to the exclusionary rule does not apply, and, based on the facts known to surveillance officers, as set forth in the affidavit, the warrant was supported by probable cause. <u>See</u> <u>id.</u>; <u>United States v. McKeever</u>, 5 F.3d 863, 865 (5th Cir. 1993). Lenz has not shown plain error. <u>See</u> <u>Calverley</u>, 37 F.3d at 164.

Lenz also contends that the district court erred in its determination that the independent source rule was applicable, such that, even if the protective sweep was invalid, the evidence obtained pursuant to the search warrant was admissible because it was not tainted by the sweep. As noted above, Lenz has conceded that no evidence was obtained during the warrantless entry of his home, and he has not shown erroneous the district court's determination that the warrant was not tainted by the warrantless entry. Lenz has failed to show that the independent source rule is inapplicable. <u>See</u> <u>United States v. Runyan</u>, 290 F.3d 223, 235 (5th Cir. 2002).

Lenz has failed to establish reversible error with respect to his motion to suppress. Accordingly, his conviction is affirmed.

Lenz, noting that he did not admit to a quantity of methamphetamine, attacks the 80-month sentence imposed by the district court, arguing that it was imposed in violation of the Sixth Amendment because it was based on a quantity of methamphetamine determined by the district court. The district

5

court erred in enhancing Lenz's sentence based on its determination of drug quantity and by sentencing Lenz pursuant to mandatory Sentencing Guidelines.  See United States v. Booker, 125 S. Ct. 738, 750, 768-69 (2005).

As the Government points out, however, the district court stated that it would impose the same sentence if the Sentencing Guidelines were held unconstitutional.  The Government has carried its burden of establishing that the sentencing errors suffered by Lenz were harmless beyond a reasonable doubt.  See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005).  Accordingly, Lenz's sentence is affirmed.

**AFFIRMED.**