PER CURIAM.
 ¶ Granted in part; otherwise denied. Absent exceptional circumstances, a confidential informant’s identity is strictly privileged. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Oliver, 430 So.2d 650, 652-53 (La.1983). Established jurisprudence recognizes the “informer’s privilege,” which allows the state to withhold the identity of those who furnish information of illegal activities to law enforcement officers. Roviaro, 353 U.S. at 59, 77 S.Ct. at 627; State v. Davis, 411 So.2d 434, 436 (La.1982); see also La.C.E. art. 514. Only when an informant has played a crucial role in the criminal transaction and when he alone can give testimony necessary to insure a fair trial must the trial court order disclosure of his identity. State v. Coleman, 97-2802, pp. 3-4 (La.4/24/98), 713 So.2d 440, 441-442; State v. Dotson, 260 La. 471, 256 So.2d 594, 599-600 (1971).
Here, it is alleged that defendant entered the confidential informant’s vehicle at the request of the informant and sold him heroin. The narcotics transaction was not directly observed by law enforcement agents but was evidently recorded by the informant. Defendant was arrested for this offense five months later. Although the trial court is vested with great discretion in determining when circumstances .[¿warrant disclosure and the defendant has a heavy burden of demonstrating that dis *1041 closure is essential to his defense, Scher v. United States, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151 (1938), it appears that the trial court abused that discretion here, considering the crucial role played by the informant in the alleged transaction. See generally State v. Broadway, 96-2659, p. 20 (La.10/19/99), 753 So.2d 801, 815 (“When an informant has played a crucial role in the criminal transaction and when his or her testimony is necessary to insure a fair trial, disclosure of the identity should be ordered.”). The trial court’s ruling is reversed to the extent it denied defendant’s motion to reveal the identity of the confidential informant and the matter is remanded for further proceedings.
REVERSED AND REMANDED
KNOLL, J., dissents and would deny the writ.
CRICHTON, J., additionally concurs and assigns reasons.